**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL ERIC HORNES,

      Petitioner,

v.

      Case: 1:07-cv-01028
      Assigned To : Lamberth, Royce C.
      Assign. Date : 06/08/2007
      Description: HABEAS CORPUS

JOE DRIVER, Warden

      Respondent.

## ORDER TRANSFERRING CASE

The *pro se* petitioner initiated this § 2241 habeas corpus action on November 27, 2006. On February 28, 2007, Petitioner was granted permission to proceed as a pauper. This case is now before the Court on Petitioner's Motion for Change of Venue and Motion for Court Assistance. In the motion, Petitioner asserts that he is no longer incarcerated within the jurisdiction of this Court. Specifically, Petitioner asserts that he has been transferred to the Hope Village Halfway House ("Hope Village") in Washington, D.C. Accordingly, Petitioner requests the Court transfer his case to the United States District Court for the District of Columbia. In addition, Petitioner asserts that he has several pending legal matters for which he must conduct legal research. However, Petitioner asserts that Hope Village does not have a law library. Therefore, Petitioner requests an Order from the Court compelling Hope Village to provide him access to a law library.

At the time this case was filed, Petitioner was incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia. Thus, this Court had jurisdiction over Petitioner's claim and venue was appropriate in this Court. However, Petitioner has now been transferred outside the jurisdiction of this Court and has requested that his case be transferred. Although the Court recognizes that the

**RECEIVED**

MAY 10 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

#1
USDC

Petitioner's transfer does not deprive this Court of subject matter jurisdiction, personal jurisdiction over Petitioner's new custodian now lies with United States District Court for the District of Columbia. Therefore, it appears that for the convenience of the parties, venue would be more appropriate in that Court.

Accordingly, Petitioner's Motion for Change of Venue (dckt. 13) is GRANTED and it is ORDERED that this matter be transferred to the United States District Court for the District of Columbia for all further proceedings.[1] Consequently, the Clerk is directed to terminate the instant case from the Court's active docket and mail a copy of this Order to the *pro se* petitioner.

DATED: May 1, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

I hereby certify that the annexed instrument
is a true and correct copy of the original filed
in my office.
ATTEST: Dr. Welly Edgell
Clerk, U.S. District Court
Northern District of West Virginia

By: _____
        Deputy Clerk

---

[1] Petitioner's Request for Court Assistance will be carried with the case and transferred to the District of Columbia.

## U.S. District Court
## Northern District of West Virginia [Live] (Wheeling)
## CIVIL DOCKET FOR CASE #: 5:06-cv-00149-FPS-JES
### Internal Use Only

Hornes v. Driver
Assigned to: District Judge Frederick P. Stamp, Jr
Referred to: Magistrate Judge James E. Seibert
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

Date Filed: 11/27/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Michael-Eric Hornes**

represented by **Michael-Eric Hornes**
c/o Hope Villiage Halfway House
2850 Langston Pl. S.E. Rm 201
Washington, DC 20020
PRO SE

V.

**Respondent**

**Joe Driver**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2006 | 1 | PETITION for Writ of Habeas Corpus against Joe Driver, filed by Michael Eric Hornes. (Copy FPS, PSLC-Blalock) (Attachments: # 1 Envelope)(kd) (Entered: 11/29/2006) |
| 11/27/2006 | 2 | ** SEALED** MOTION for Leave to Proceed in forma pauperis by Michael Eric Hornes. (Copy PSLC-Blalock) (kd) (Entered: 11/29/2006) |
| 11/27/2006 | 3 | ** SEALED ** Consent to Collection of Fees from Trust Account by Michael Eric Hornes. (Copy PSLC-Blalock) (kd) (Entered: 11/29/2006) |
| 11/27/2006 | 4 | ** SEALED ** Prisoner Trust Fund Account Statement by Michael Eric Hornes. (Copy PSLC-Blalock) (kd) (Entered: 11/29/2006) |
| 11/29/2006 | 5 | NOTICE of General Guidelines for Appearing Pro Se in Federal Court. (Copy pro se petitioner, PSLC-Blalock) (kd) (Entered: 11/29/2006) |
| 01/09/2007 | 6 | ORDER re 4 Requiring Petitioner To File A Certified Prisoner Trust Fund Account Report . Signed by Judge James E. Seibert on 1/9/07. (mji, ) (Entered: 01/09/2007) |

| 01/26/2007 | ●7 | RESPONSE by Michael-Eric Hornes to 6 Public Order. (Attachments: # 1 Envelope)(soa, ) (Entered: 01/26/2007) |
|---|---|---|
| 02/07/2007 | ●8 | ORDER : Directing Clerk to send Prisoner Trust Account Report form to Petitioner, and directing Petitioner to complete and submit form within 20 days. (Form sent to Petitioner at USP Hazelton). Signed by Judge James E. Seibert on 2/7/2007. (Attachments: # 1 Prisoner Trust Account Report Form sent to Petitioner# 2 Envelope for Petitioner's Response) (soa, ) (Entered: 02/07/2007) |
| 02/08/2007 | ●9 | LETTER from Michael - Eric Hornes to Clerk requesting current docket sheet. (Attachments: # 1 Envelope) (mailed docket sheet to pla)(mji, ) (Entered: 02/08/2007) |
| 02/27/2007 | ●10 | ** SEALED ** Prisoner Trust Fund Account Statement by Michael-Eric Hornes. (soa, ) (Entered: 02/28/2007) |
| 02/28/2007 | ●11 | ORDER: Granting 2 Motion for Leave to Proceed in forma pauperis but requiring petitioner to pay $5.00 filing fee within 30 days. Signed by Judge James E. Seibert on 2/28/2007. (copy to Petitioner) (soa, ) (Entered: 02/28/2007) |
| 04/06/2007 | ●12 | MOTION for Extension of Time (styled "Request for Extension of Time") with Notice of Change of Address and request for copy of docket. (without certificate of service)filed by Michael-Eric Hornes. (sent docket and changed address. (Attachments: # 1 Envelope) (c to Judge) (cc, ) (Entered: 04/06/2007) |
| 04/06/2007 | ●13 | MOTION to Change Venue and request for court assistance by Michael-Eric Hornes without certificate of service. (Attachments: # 1 Envelope) (c to Judge)(cc, ) (Entered: 04/06/2007) |
| 04/12/2007 | ●14 | ORDER: Granting 12 Motion for Extension of Time to pay filing fee; Petitioner has untl 5/12/2007 to pay $5.00 filing fee.(copies as directed) . Signed by Judge James E. Seibert on 4/12/2007. (soa, ) (Entered: 04/12/2007) |
| 05/02/2007 | ●15 | ORDER TRANSFERRING CASE 13 is GRANTED AND DISMISSING from the active docket. Signed by Judge James E. Seibert on 5/1/07. (c to Pet, Judge, JES, US District Court for District of Columbia w/docket sheet)(mji, ) (Entered: 05/02/2007) |

I hereby certify that the annexed instrument
is a true and correct copy of the original filed
in my office.
ATTEST: Dr. Wally Edgell
Clerk, U.S. District Court
Northern District of West Virginia

By: _____
Deputy Clerk

FORM TO BE USED BY FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS

*In the Nature of:* [UNDER 28 U.S.C. § 2241]

IN THE UNITED STATES DISTRICT COURT

**FILED**

NOV 2 7 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**RECEIVED**

NOV 2 7 2006

U.S. DISTRICT COURT
ELKINS WV 26241

Michael-Eric: Hornes©®,
         Petitioner
c/o[Reg..#10847-007]
   Post Office Box 2000]
   Bruceton Mills,[WV 26525]

(Full name under which you were convicted;
prison number; and full mailing address.)

Vs.

CIVIL ACTION NO. 5:06-CV-149

Joe Driver,d/b/a Warden,
         Respondent

BUREAU OF PRISONS, et.al.
(Name of Warden or other authorized person
having custody of petitioner.)

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT.
ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1.    This petition concerns: (Check appropriate blank.)

  [    ]    a conviction

  [    ]    a sentence  (CAUTION:    If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. § 2255 in the federal court which entered the judgment.)

  [    ]    jail or prison conditions

  [    ]    prison discipline

  [    ]    a parole problem

  [******]    other.    State briefly:    The denial of due process and the misapplication of statute.

2.    Place of detention: U.S.P. HAZELTON, 450 SKYVIEW DRIVE, BRUCETON MILLS, WEST VIRGINIA 26525

3.    Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

    | ***** | Yes       |     | No

    If your answer above is "Yes," give the following information:

a.    Name of Court: THIS COURT

b.    Nature of Proceeding: CONDITIONS OF CONFINEMENT

c.    Grounds raised: SEE CASE NO.5:06-cv-00070-FPS-JSK

d.    Result: pending

e.    Date of Result:

f.    Citation or number of any written opinion or order entered pursuant to each such disposition:

4.    If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

5.    Are you presently represented by counsel?    |     | Yes    | ****** | No

    If so, name, address and phone number of counsel:

6.    Name and location of court which imposed sentence:

_____ n/a _____

7.    Indictment or case number, if known: ___ n/a _____

8.    Offense or offenses for which sentence was imposed:

_____ n/a _____

9.    Date upon which sentence was imposed and the terms of the sentence:

_____ n/a _____

10.   When was a finding of guilty made?  (Check one.)

[_____] After a plea of guilty

[_____] After a plea of not guilty

[_____] After a plea of nolo contendere

**OTHER:    After the venue, jurisdiction, nature & Cause was challenged.**
11.   If you were found guilty after a plea of not guilty, was that finding made by:

[_____] A jury

[_____] A judge without a jury

**OTHER:    The Disciplinary Hearings Officer,  Unit Disciplinary Committee**
12.   Did you appeal from the judgment of conviction or the imposition of sentence?

[**** ] Yes        [_____] No

13.   If you did appeal, give the following information for each appeal:

a.    Name of ~~Court~~ Agency:  Bureau of Prisons _____

b.    Result: Neglected, Failed and Refused to Answer, tacit admission to
      to all of the Petitioner's claims, nihil decit.

c.    Date of Result: September 20,2006 _____

d.    Citation or number of ~~opinion~~ Incident Report: 1409562 (remedies Nos.
      404496-A1 & 399284-A3

e.    Grounds raised: (List each one.)

      The initial U.D.C. hearing was untimely and violated the B.O.P.'s
      own policies.

_____

Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

14. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: The B.O.P. failed to provide due process and follow their own policies regarding the time to hear/hold U.D.C. hearings and in doing so denied me the right to equal protection of statute and remedy.

Supporting FACTS:    (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts, not conclusions, in support of your grounds. A rule of thumb to follow is – who did exactly what to violate your rights at what time or place.)

This U.D.C. has 3 days in which to hold a hearing. Any extension of that time must be authorized by the Warden after five days. The Warden granted the U.D.C. an extension of time but the hearing was not held until another two weeks later. Once the authorization is given to have the hearing, all the original time limits are the only provisions the agency has at their disposal to follow as a guideline.

b. Ground two: The B.O.P. fails and refuses to follow their own time limits and statutes that govern their administrative remedy process and causes unnecessary delay and hinderance to one's ability to access the courts.

Supporting FACTS:    The Code of Federal Regulations specifically enumerates the purpose of the B.O.P.'s Administrative Remedies Procedure. The Central Office and all of its subordinates have explicit time limits in which to respond to the remedies filed. The B.O.P. has refused to respond timely in this matter, has given themselves numerous extension of time without valid reason consistent with statute, and has agreed to the Plaintiff's claims by tacit agreement and the stipulated terms enumerated within all the Plaintiff's Complaints.

c. Ground three: B.O.P. officials refuse to take notice of their own policies as well as the laws of this country and any corresponding administrative law.

4

Such actions cause unnecessary damage and injury which could be avoided.

Supporting FACTS:  The Plaintiff served notice on the U.D.C. and the D.H.O. providing with a warning against the use of unsworn statements and only limited one-sided evidence to make a finding of guilty in their hearings.  The Plaintiff also provided the U.D.C. and D.H.O. with the governing authorities that made their actions repugnant to the constitution and noted such cites/authorities in each of his complaints and appeals.

15.    RELIEF:    State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

1.  To find the B.O.P. in violation of my right to due process, equal protection, and right to remedy.

2.  To find that the B.O.P. Officials in this matter have utilized their own discretion in a matter governed by policy and law to the detriment of the Plaintiff.

3.  That the individuals involved are liable for damages based on their intent, actions, and negligence.

4.  That all matters relating to the incident report are void for due process violations and other constitutional violations.

5.  That the B.O.P. must follow their own policies and the laws that govern them.

6.  That all the lost suffered by this matter be restored, i.e. good time, and all other privileges taken.

7.  Any and all other equal and just relief deemed appropriate by this court.

Signed this ___10th___ day of ___November___, 20_06_.
       Day              Month         Year

*Michael-Eric: Horns©® w.o.p. ucc 1-207, 1-103*
Signature of Petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___November 10th, 2006.___
       (Date)

*Michael-Eric: Horns©® w.o.p., ucc 1-207, 1-103*
Signature of Petitioner

5

Continuation of Grounds and Supporting Facts

d.  The original incident report did not describe a violation of any rule or policy
    of the B.O.P. and the language described in the body of the incident does not
    fit the charge alleged.

    The writer of the report charged the Plaintiff with threatening to used bodily
harm to her or another but described an incident that did not reflect anything similar
to hurting someone.  The Plaintiff stated that he did not choose to use the B.O.P.'s
remedy process because it hinders and harms him by the delays involved.  The Plaintiff
stated that he would prefer to use private administrative and commercial remedies in
and at law to get his remedy and that she must realize that their is a liability
associated with her baseless decisions when then harm and damage the Plaintiff.

e.  The B.O.P. did not have jurisdiction over the Plaintiff or the matter at hand,
    the persons prosecuting or administering the administrative hearing did not exist,
    and the B.O.P. has agreed by acquiescence that the Program Statements of the
    B.O.P. are not applicable to the Plaintiff.

    The B.O.P. agreed to the notice of 'Asseveration and Declaration of Sovereignty
Status' of the Plaintiff and such is filed with the New York State Department of State.
The Plaintiff also gave notice of denial of corporation commonly known as the B.O.P.,
the U.D.C., the D.H.O. and all other relevant nul tiel corporations.

f.  The B.O.P. has refused to respond to the Plaintiff's administrative remedy.

    The B.O.P. has acknowledged receipt of the Plaintiff's administrative remedy
and stipulated what their deadline to respond is.  The B.O.P. has violated that statutory
deadline, has not given notice of the need for an extension of time, constantly grants
themselves the unauthorized authority to further and extend a matter when nothing permits
such additional time.  I am denied the right to remedy because the B.O.P. are standing
mute in this matter.

g.  The responses to the appeals are inconsistent with the complaint and reflect
    the negligence of the respondent to even properly read and interpret the appeal.

    As one reads the Plaintiff's appeals and complaints, the responses and information
provided reflect an attempt to forego and avoid the true issue at hand.  Each and every
point given by the Plaintiff are appropriate to void the matter in it's entirety.
The signatories on the responses have not investigated nor read and understood the
spirit and language associated with the appeals and in doing so denied any manner of
remedy.

h.  The B.O.P. conducted a psychological evaluation on the Plaintiff without the
    Plaintiff even being involved or questioned or interviewed in any manner and
    made a determination adverse to the Plaintiff without any basis or foundation
    to support their findings.

    The B.O.P. has a policy and other authorities to govern psychological evaluations.
None of these authorities were utilized and the Plaintiff was not interviewed to find
out in he knew the nature and cause of the matter he was charged as violating.  The
Chief Psychologist stated that he found that the Plaintiff did in fact know the nature

and cause  of the matter and forced the Plaintiff to make an appearance, by special visitation, in the matter regardless if he understood the nature and cause.  The Plaintiff repeatedly stated and wrote on the charging instrument that he did not know the nature and cause and could not offer a defense in a matter in which he did not understand.

208

MICHAEL E HORNES, 10847-007
HAZELTON USP    UNT: E    QTR: E02-208L
P.O. BOX 450
BRUCETON MILLS,  WV 26525

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: Hornes, Michael-Eric:® | [10847-007] | [E-1] | USP HAZELTON |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   This Regional Administrative Remedy No.399284-R1 is **NOT** an appeal of any DHO decision.  The Remedy/Problem arose at the institution level and this is apparent by the attached BP-9.  The Remedy process is being tainted by the failure to even read the documents submitted for the redress of the grievance.  **I appealed the voided actions of the U.D.C.'s unlawful hearing.**  Yes, the Warden can extend the 'ordinarily' three working days when the process needs such a warranted extension of time.  In this case, the extension was granted but that **does not** give the U.D.C. an indefinite time limit in which to have their hearing and to assume such is to trash the protections of due process.  Once the extension of time is granted, such equates to the disciplinary process being put back on track and within the enumerations of P.S. 5270.07, et. seq.  The same time constrictions/limits are once again in full force and effect and applicable to any and every stage that such a time limit is relevant to.  The authority to proceed was given on 12/15/05, but, the hearing was not held until 12/27/05, almost two weeks later, or more exact, 8 business days later.  There were no institutional emergencies, limited staff, or any other valid reasons to delay my hearing beyond the regulated time.  The disciplinary process is written in a straight forward fashion with extreme clarity.  Any reasonable mind, especially the court, would agree that the Warden's extension of time does not erase all time limits and grant the U.D.C. an unlimited and

**\*\*\*\* See ATTACHMENT "A" \*\*\*\***

| 6/25/06 | _Michael-Eric: Hornes_ ®© w.o.p. ucc 1-20, 1-14) |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED

JUL - 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

JUN 1 3 2006

Administrative Remedy Section
Federal Bureau of Prisons

| | | |
|---|---|---|
| DATE | | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |
|---|---|---|
| USP LVN | Previous editions not usable | APRIL 1982 |

### Attachment "?A"

unrestricted authority to have a hearing whenever they felt like or feel
like.  That would be saying that if the U.D.C. so choose, they can
have their hearing one year later if they so decide.  That is perposterous
and an insult to sanity and the slightest understanding of one's due
process rights. The delay **did have a negative impact** on my ability
to defend myself as I was not able to address/interview the witnesses
in a timely manner while the incident was fresh on my mind and theirs.
The witness would have had no reason to keep notes about the matter
so the only reliable source would be their memory.  Any incident that
happens in the nature of this one is one that is more committed to
our short terms memory if we are not damaged dramatically by it.
Even so, I have a right to expect the B.O.P. to follow their own regulations
and in the event that such is not done, then my ability to defend
myself is voided and restricted by the unlawful acts of the 'plaintiff.'
Even though the U.D.C. did not make a finding, I was still prejudiced
by the hearing's untimeliness.  Several other inmates, i.e. Bethea,
Wilson, Tinsley, King, etc., where placed under the same conditions
but granted relief that I am denied.  This is discrimination, biasness,
and partiality by the B.O.P. against myself without cause and authority
to do such.  I request equal protection of the law (policy) and the
right to enjoy privileges and immunities enjoyed by others similarily
situated as myself.  Law mandates such equality and justifies the
expungement of the incident report in its totality.

**Administrative Remedy No. 399284-A3**
**Part B - Response**

You appeal the UDC's decision of January 19, 2006, for Conduct
Disruptive to the Security or Orderly Running of a BOP Facility,
Code 299, Most Like Threatening Another with Bodily Harm, Code
203.

Our review reveals substantial compliance with Program Statement
5270.07, _Inmate Discipline and Special Housing Units_.  A review
of this disciplinary action reveals substantial compliance with
Program Statement 5270.07.  Chapter 6 of this P.S. states that
the UDC shall consider all evidence presented at the hearing and
shall make a decision based on at least some facts.  Accordingly,
we find that the UDC detailed in Section 19 of the Incident
Report the specific evidence relied upon to support a finding
that you committed the prohibited act for Conduct Disruptive to
the Security of Orderly Running of a BOP Facility, Code 299, Most
Like Threatening Another with Bodily Harm, Code 203.  Therefore,
we find that the required disciplinary procedures were
substantially followed, the greater weight of the evidence
supports the decision, and the sanctions imposed were appropriate
for the offense and in compliance with policy.  Your appeal is
denied.


September 12, 2006
_____
    Date

_____
Harrell Watts, Administrator
National Inmate Appeals

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: SEPTEMBER 20, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MICHAEL E HORNES, 10847-007
      HAZELTON USP    UNT: E    QTR: E02-208L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 399284-A3
DATE RECEIVED   : JULY 7, 2006
RESPONSE DUE    : SEPTEMBER 5, 2006
SUBJECT 1       : UDC ACTION
SUBJECT 2       :
INCIDENT RPT NO: 1409562

RECEIPT - ADMINISTRATIVE REMEDY


DATE: SEPTEMBER 20, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : MICHAEL E HORNES, 10847-007
      HAZELTON USP    UNT: E    QTR: E02-208L


THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 415771-R1
DATE RECEIVED   : JULY 19, 2006
RESPONSE DUE    : AUGUST 18, 2006
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: SEPTEMBER 20, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MICHAEL E HORNES, 10847-007
      HAZELTON USP     UNT: E    QTR: E02-208L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID      : 404496-A1
DATE RECEIVED  : JUNE 13, 2006
RESPONSE DUE   : AUGUST 12, 2006
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 1409562

# CERTIFICATE OF SERVICE

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**
*APPLICABLE TO ALL ASSIGNEES AND SUCCESSORS*

"Without Prejudice"
michael - Eric : Hornes ©℗
c/o [#10847- 007, P.O. Box 2000]
Bruceton Mills, [WV 26525]
"under necessity"

I, *michael - Eric : Hornes*©℗ , hereby certify that I have served a true and correct copy of the following:

(1) Habeas Corpus
(2) In Forma Pauperis Packet

Which is deemed **filed**, at the time it was delivered to prison authorities for forwarding to the court/agency, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court, agency, and or parties to litigation/action and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Attn.: Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
POST OFFICE BOX 1518
ELKINS, WV 26241 - 1518

and deposited same in the United States Postal Sevice Mailbox at u.s.P. Hazelton on the 15th day of November 200 6 , A.D.

**Respectfully** submitted this 15th day of November , 200 6 A.D.

Michael - Eric : Hornes ©℗

Michael-Eric: Hornes ©℗ sui juris
W.O.P., UCC 1-207, 1-103

PROCESS # n/a

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
_APPLICABLE TO ALL ASSIGNEES AND SUCCESSORS_**

"Without Prejudice"
Michael - Eric: Hornes ©®
c/o #10847-007, P.O. Box 2000
     Bruceton Mills, WV 26525
"under necessity"


Attn.: Clerk of the Court
U.S. Dist. Court, N. Dist. of W.V.
Post Office Box 1518
Elkins, WV 26241-1518


**RE:   _RETURN OF FILE/DATE STAMPED ACKNOWLEDGEMENT COPY_**


Dear _Wally Edgell, P.H.D_ , or Recipient,

I have enclosed an **extra copy** of the " _Habeas Corpus_ "              (face sheet
only), along with a **S.A.S.E.**

Please **_file/date stamp_** the extra copy/acknowledgement and return in the S.A.S.E.

I thank you in advance for your prompt attention to this matter.

**Respectfully** submitted this 15ᵗʰ day of _November_    , 200 6 A.D.

_Michael-Eric: Hornes ©®, W.O.P, UCC 1-207, 1-103_
Michael-Eric: Hornes ©® sui juris
W.O.P., UCC 1-207, 1-103


**PROCESS #** _n/a_

#5   FROM   NOWVA

WAS   NOT   SENT   W/  PKG.
       ( GUIDELINES   FOR   PRO SE's)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL-ERIC HORNES,

      Petitioner,

v.                                         Civil No. 5:06cv149
                                         (Judge Stamp)

JOE DRIVER, Warden,

      Respondent.

## ORDER REQUIRING PETITIONER TO FILE A CERTIFIED PRISONER TRUST ACCOUNT REPORT

On November 27, 2006, the *pro se* petitioner initiated this case by filing a "Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241". On that same date, the petitioner filed an application for leave to proceed in forma pauperis, a consent to collection of fees form, and a blank prisoner trust account report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. However, if a petitioner submits a certified copy of the trust fund statement for the six-month period immediately preceding the request, the Court may consider his request. In this case, petitioner has submitted a blank Prisoner Trust Account Report, and accordingly the court is unable to properly address the petitioner's application for leave to proceed in forma pauperis.

Consequently, it is ORDERED that the Clerk of the Court shall send the petitioner a new Prisoner Trust Account Report. It is further ORDERED that the petitioner shall submit the completed form, together with a ledger sheet for the preceding six months, to the Court within **20**

days of entry of this Order.  **Failure to do so within the required time period will result in a recommendation that his case be dismissed**.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner and any counsel of record.

Dated: January 9, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

2

## Inmate Statement

🖶 PRINT

| Inmate Reg #: | 10847007 | Current Institution: | Hazelton USP |
| Inmate Name: | HORNES, MICHAEL | Housing Unit: | F |
| Report Date: | 01/18/2007 | Living Quarters: | E02-208L |
| Report Time: | 8:26:39 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | 1/8/2007 4:08:24 PM | GIPP1206 | | | Payroll - IPP | $9.60 | | $24.96 |
| HAZ | 1/8/2007 4:08:24 PM | FHAZD082 - 581 | | | Debt Encumbrance | | ($1.92) | -------- |
| HAZ | 1/8/2007 4:08:24 PM | FHAZD096 - 585 | | | Debt Encumbrance | | ($1.92) | -------- |
| HAZ | 1/8/2007 4:08:24 PM | FHAZD101 - 582 | | | Debt Encumbrance | | ($1.92) | -------- |
| HAZ | 1/8/2007 4:08:24 PM | FHAZD102 - 583 | | | Debt Encumbrance | | ($1.92) | -------- |
| HAZ | 1/8/2007 4:08:24 PM | GHAZD009 - 584 | | | Debt Encumbrance | | ($1.92) | -------- |
| HAZ | 1/1/2007 9:37:05 PM | TFN0101 | | | Phone Withdrawal | ($9.00) | | $15.36 |
| HAZ | 1/1/2007 12:10:47 AM | FHAZD082 - 387 | | | Debt Encumbrance - Released | | $2.11 | -------- |
| HAZ | 1/1/2007 12:10:47 AM | FHAZD101 - 388 | | | Debt Encumbrance - Released | | $2.11 | -------- |
| HAZ | 1/1/2007 12:10:47 AM | FHAZD102 - 389 | | | Debt Encumbrance - Released | | $2.11 | -------- |
| HAZ | 1/1/2007 12:10:47 AM | GHAZD009 - 390 | | | Debt Encumbrance - Released | | $2.11 | -------- |
| HAZ | 12/8/2006 10:26:28 AM | GIPP1106 | | | Payroll - IPP | $10.56 | | $24.36 |
| HAZ | 12/8/2006 10:26:28 AM | FHAZD101 - 388 | | | Debt Encumbrance | | ($2.11) | -------- |
| HAZ | 12/8/2006 10:26:28 AM | FHAZD102 - 389 | | | Debt Encumbrance | | ($2.11) | -------- |
| HAZ | 12/8/2006 10:26:28 AM | GHAZD009 - 390 | | | Debt Encumbrance | | ($2.11) | -------- |
| HAZ | 12/8/2006 10:26:28 AM | FHAZD082 - 387 | | | Debt Encumbrance | | ($2.11) | -------- |
| HAZ | 12/8/2006 10:26:28 AM | FHAZD096 - 391 | | | Debt Encumbrance | | ($2.12) | -------- |
| HAZ | 12/3/2006 8:53:47 PM | TFN1203 | | | Phone Withdrawal | ($3.00) | | $13.80 |
| HAZ | 12/1/2006 12:10:38 AM | FHAZD082 - 272 | | | Debt Encumbrance - Released | | $0.96 | -------- |
| HAZ | 12/1/2006 12:10:38 AM | FHAZD101 - 273 | | | Debt Encumbrance - Released | | $0.96 | -------- |
| HAZ | 12/1/2006 12:10:38 AM | FHAZD102 - 274 | | | Debt Encumbrance - Released | | $0.96 | -------- |
| HAZ | 12/1/2006 12:10:38 AM | GHAZD009 - 275 | | | Debt Encumbrance - Released | | $0.96 | -------- |
| HAZ | 11/10/2006 10:06:43 AM | GIPP1006 | | | Payroll - IPP | $4.80 | | $16.80 |
| HAZ | 11/10/2006 10:06:43 AM | FHAZD082 - 272 | | | Debt Encumbrance | | ($0.96) | -------- |
| HAZ | 11/10/2006 10:06:43 AM | FHAZD096 - 276 | | | Debt Encumbrance | | ($0.96) | -------- |
| HAZ | 11/10/2006 10:06:43 AM | FHAZD101 - 273 | | | Debt Encumbrance | | ($0.96) | -------- |
| HAZ | 11/10/2006 10:06:43 AM | FHAZD102 - 274 | | | Debt Encumbrance | | ($0.96) | -------- |
| HAZ | 11/10/2006 10:06:43 AM | GHAZD009 - 275 | | | Debt Encumbrance | | ($0.96) | -------- |
| HAZ | 11/1/2006 9:50:20 AM | GHAZD010 - 218 | | | Debt Encumbrance | | ($6.95) | -------- |
| HAZ | 11/1/2006 12:10:38 AM | FHAZD082 - 62 | | | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 11/1/2006 12:10:38 AM | FHAZD101 - 63 | | | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 11/1/2006 12:10:38 AM | FHAZD102 - 64 | | | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 10/25/2006 8:41:18 PM | TFN1025 | | | Phone Withdrawal | ($3.00) | | $12.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| HAZ | 10/17/2006 6:16:28 PM | ITS2CONV | Phone Rev With Rel | $3.61 | | $15.00 |
| HAZ | 10/6/2006 10:07:32 AM | GIPP0906 | Payroll - IPP | $10.08 | | $11.39 |
| HAZ | 10/6/2006 10:07:32 AM | FHAZD101 - 63 | Debt Encumbrance | | ($2.01) | -------- |
| HAZ | 10/6/2006 10:07:32 AM | FHAZD102 - 64 | Debt Encumbrance | | ($2.01) | -------- |
| HAZ | 10/6/2006 10:07:32 AM | FHAZD082 - 62 | Debt Encumbrance | | ($2.01) | -------- |
| HAZ | 10/6/2006 10:07:32 AM | FHAZD096 - 65 | Debt Encumbrance | | ($4.05) | -------- |
| HAZ | 10/3/2006 8:25:45 PM | ITS1003 | Phone Withdrawal | ($6.00) | | $1.31 |
| HAZ | 10/1/2006 12:10:50 AM | FHAZD082 - 1813 | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 10/1/2006 12:10:50 AM | FHAZD101 - 1814 | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 10/1/2006 12:10:50 AM | FHAZD102 - 1815 | Debt Encumbrance - Released | | $2.01 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 1412 | Debt Encumbrance - Released | | $8.45 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 1072 | Debt Encumbrance - Released | | $7.20 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 1210 | Debt Encumbrance - Released | | $4.23 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 1816 | Debt Encumbrance - Released | | $3.90 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 1603 | Debt Encumbrance - Released | | $1.16 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 - 940 | Debt Encumbrance - Released | | $0.28 | -------- |
| HAZ | 9/9/2006 2:07:17 AM | FHAZD085 | Photo Copies | ($25.22) | | $7.31 |

1 2

**Total Transactions: 78**

| | | |
|---|---|---|
| **Totals:** | **$24.68** | **($24.40)** |

---

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| HAZ | $0.28 | $0.00 | $24.68 | $0.00 | $0.00 | $0.00 | $0.00 | $24.96 |
| Totals: | ~~$0.28~~ | $0.00 | $24.68 | $0.00 | $0.00 | $0.00 | $0.00 | $24.96 |

~~$0.28~~ - Actual Balance Available

$24.68 - Debt Encumbrance

$24.96 - Account Total Balance = Debt + ~~Available~~



## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | Yes |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 0078 |
| PAC #: | 570572319 |
| FRP Participation Status: | Completed |
| Arrived From: | CUM |
| Transferred To: | |
| Account Creation Date: | 12/26/2002 |
| Local Account Activation Date: | 9/2/2005 3:36:08 AM |
| | |
| Sort Codes: | |
| Last Account Update: | 1/8/2007 4:08:24 PM |
| Account Status: | Active |
| Phone Balance: | $0.05 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $24.96 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $24.68 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.28 |
| National 6 Months Deposits: | $46.56 |
| National 6 Months Withdrawals: | $44.72 |
| National 6 Months Avg Daily Balance: | $17.54 |
| Local Max. Balance - Prev. 30 Days: | $24.96 |
| Average Balance - Prev. 30 Days: | $22.39 |

# Commissary History

## Purchases

Validation Period Purchases: $0.00
YTD Purchases: $0.00
Last Sales Date: No Comm Sales

## SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

## Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $0.00
Remaining Spending Limit: $290.00

# Commissary Restrictions

## Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

## Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|-----------|-----------|------------|----------|--------|--------|

# Comments

**Comments:**
DHO 45 EXP 3/4/06

"Without Prejudice"
Michael - Eric : Hornes©®
c/o [#10847-007, P.O. Box 2000]
    Bruceton Mills; near [26525]
       West Virginia, USA
"under necessity,"

U.S. DISTRICT COURT
RECEIVED AT WHEELING
JAN 2 6 2007
NORTHERN DISTRICT CLERK
OFFICE OF THE

Clerk of the Court
United States District Court
Northern District of West Virginia
Post Office Box 471
Wheeling, WV 26003-0060

Notice to the Agent is Notice to the Principal And-Viz-A-Viz

Dear Clerk,
        Please file the enclosed [Consent to Collection of
Fees] and Certified proof of inmate account, case no.
5:06cv149.

        Also, please send acknowledgment and confirmation
of this filing.

        I thank you in advance for time and attention.

January 23, 2007

                        Without Prejudice/Recourse
                        Michael - Eric : Hornes©®
                        w.o.p., UCC 1-207 & 1-103

7

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

U.S. DISTRICT COURT
FILED AT WHEELING, WV

FEB − 7 2007

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**MICHAEL-ERIC HORNES,**

     **Petitioner,**

v.                                     **Civil No. 5:06cv149**
                                       **(Judge Stamp)**

**JOE DRIVER, Warden,**

     **Respondent.**

## ORDER REQUIRING CLERK TO SEND PETITIONER A CERTIFIED PRISONER TRUST ACCOUNT REPORT AND REQUIRING SAID FORM TO BE COMPLETED AND RETURNED BY THE PETITIONER

On November 27, 2006, the *pro se* petitioner initiated this case by filing a "Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241". On that same date, the petitioner filed an application for leave to proceed in forma pauperis, a consent to collection of fees form, and a blank prisoner trust account report. By order entered on January 19, 2007, the Clerk was directed to send the petitioner a new Prisoner Trust Account Report, and he was given twenty (20) days to return the completed form, together with ledger sheets for the preceding six months. The order also advised the petitioner that failure to comply would result in a recommendation that his case be dismissed.

On January 26, 2007, the petitioner filed ledger sheets but did not file the Prisoner Trust Account Report, as required. Because it is not clear from the docket sheet that the Clerk's office sent the form, dismissal at this time would be inappropriate.

Consequently, it is ORDERED that the Clerk of the Court shall send the petitioner a



blank Prisoner Trust Account Report and shall make an appropriate entry on the docket sheet reflecting the same. It is further ORDERED that the petitioner shall submit the completed form, with the authorized signature and title of the correctional official completing the form, together with a ledger sheet for the preceding six months, to the Court within **20 days** of entry of this order. **Failure to do so within the required time period will result in a recommendation that his case be dismissed.**

     IT IS SO ORDERED.

     The Clerk is directed to send a copy of this Order to the *pro se* petitioner and any counsel of record.

     Dated: February 7, 2007

                      /s/ James E. Seibert
                      JAMES E. SEIBERT
                      UNITED STATES MAGISTRATE JUDGE

U.S. DISTRICT COURT
RECEIVED AT WHEELING, WV

FEB - 8 2007

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

"Without Prejudice"
Michael-Eric: Hornes ©®
c/o [#10847-007, P.O. Box 2000]
    Bruceton Mills; near [26525]
    West Virginia, uSA
"under necessity"


\* NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL AND VIZ-A-VIZ \*


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA


Michael-Eric: Hornes ©®,          :
        [Plaintiff],              :      Civil Case No. 5; 06-CV-0149 (FPS-JES)
                                  :
                                  :      [Plaintiff's] REQUEST FOR
v.                                :      CASE DOCKET SHEET/ENTRIES
                                  :
Joe Driver, d/b/a WARDEN,         :
        Defendant(s), et. al.     :

_____

TO THE CLERK OF THE DISTRICT COURT:

    Please provide me with a current 'docket sheet' for the
above case number in the caption. Thank-you, in advance.


Date: Feb. 6, 2007

                        Without Prejudice/Recourse
                        Michael-Eric: Hornes ©® w.o.P., UCC 1-207, 1-103
                        Michael-Eric: Hornes ©®, sui juris

                                                        9

(Docket Request) Haz.

"Without Prejudice"

INMATE NAME: *Michael-Eric: Harris*
REGISTER NO. [10847-007]
UNITED STATES PENITENTIARY - HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

"*Under necessity*"

\* *Legal Mail* \*

CLARKSBURG WV 263

07 FEB 2007 PM 3 L

U.S. DISTRICT COURT
RECEIVED AT WHEELING, WV

FEB - 8 2007

NORTH...
OFFIC...

\* Non-Domestic \*

Attn: Clerk of the Court
United States District Court
Northern District of West Virginia
P.O. Box 471
Wheeling, West Va. 26003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Michael-Eric: Hornes©®
c/o [10847-007]

_____

(Full Name and Prison Number of Each Petitioner)

**FILED**

NOV 2 7 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

V.

Civil Action No. 1:06-CV-149
(To be Assigned by Clerk of Court)

Joe Driver, Warden, et. al.

_____

(Names and Official Titles of Each Respondent)

## APPLICATION FOR LEAVE TO PROCEED
## IN FORMA PAUPERIS

I, Michael-Eric: Hornes©®, #[10847-007], depose and say that I am the petitioner in the above-styled case; that in support of my motion to proceed in forma pauperis, I state that because of my poverty, I am unable to pay the costs of said proceeding.

I further swear that the response which I have made to the questions below relating to my inability to pay the cost of prosecuting this action are true.

1. Are you now employed?          _X_ YES          ____NO

a.   If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.
   Name of Employer: _B . O . P ._____
   Address: _____n/a_____
   How much do you earn per month? _Between $ 2 - 5.25 per mo._

b.   If the answer is no, state the date of your last employment and the amount of the salary and wages per month you received.

# RECEIVED

## MAY 1 0 2007

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

2

Month:_____ Year 20_____
How much did you earn per month?_____

2.    Have you received, within the past twelve months, any income from a business, profession, or other form of self-employment or in the form of rent payments, interest dividends, or other sources (i.e. pensions, annuities, life insurance, SSD, SSDI, Worker's Compensation, gifts)?

                        _____ YES          _X_ NO

(a)    If the answer is yes, describe each source of income, and state the monthly amount received from each one during the past twelve months.
       Source:_____
       Amount:_____

3.    Do you have any cash, savings, or checking account(s)? NO

(a)    If the answer is yes, state the total value of the amount of cash in each account.:
       Types of Account(s):_____
       Total Value: _____

4.    Do you own any real estate, stocks, bonds, notes, automobiles, ATV's, guns, livestock, or other valuable property (excluding ordinary household furniture and clothing)? NO

(a)    If the answer is yes, describe the property and state its approximate value:
       Description of Property:_____

       _____

       Approximate Value:_____

5.    List the persons who are dependent upon you for support and state your relationship to those persons.
       Inesha Blocker; Michia Hornes; Maisa Hornes (Daughters)

       _____

I declare, under penalty of perjury that the above listed information is true and correct.

_Michael-Eric: Hornes© ucc 1-207_
Signature of Petitioner   1-103

_November 7th, 2006 C.E._
            Date

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

Michael - Eric Hornes ©©
c/o #10847-007

NOV 2 7 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

5:06·CV-149

_____
(Full Name and Prison Number of Plaintiff)

V.

Joe Driver, warden, et. al.

Civil Action No._____
(To be Assigned by Clerk of Court)

_____
(Names and Official Titles of Each Defendant)

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, Michael-Eric: Hornes ©© , #10847-007 , hereby consent for the appropriate prison officials to withhold from my prison account and pay to the Clerk of Court for the United States District Court, at Elkins, West Virginia, an initial payment of 20 percent of the greater of the following choices:

(a)   The average monthly deposits to my account for the six month period immediately preceding the filing of the complaint.

OR

(b)   The average monthly balance in my account for the six month period immediately preceding the filing of the complaint.

I further consent for the appropriate prison officials to collect from my account, on a continuing basis each month, an amount equal to 20 percent of each month's income. Each time the amount in the account reaches $10.00, the Trust Officer shall forward the interim payment to the Clerk's Office in Elkins, West Virginia, until such time as the $150.00 filing fee is paid in full.

By executing this document, I also authorize collection on a continuing basis of any additional fees, costs, or sanctions imposed by the United States District Court for the Northern District of West Virginia.

November 7th 2006 C. E.
_____
Date

Michael-Eric: Hornes ©© acc 1-207
1-103
_____
Signature of Plaintiff

_____
_United States District Court_          14          _Northern District of West Virginia_

# Inmate Inquiry

🖶 PRINT

| | | | |
|---|---|---|---|
| **Inmate Reg #:** | 10847007 | **Current Institution:** | Hazelton USP |
| **Inmate Name:** | HORNES, MICHAEL | **Housing Unit:** | E |
| **Report Date:** | 11/14/2006 | **Living Quarters:** | F02-208L |
| **Report Time:** | 9:40.18 AM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | Yes |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 0078 |
| PAC #: | 570572319 |
| FRP Participation Status: | Completed |
| Arrived From: | CUM |
| Transferred To: | |
| Account Creation Date: | 12/26/2002 |
| Local Account Activation Date: | 9/2/2005 3:36:08 AM |

| | |
|---|---|
| Sort Codes: | |
| Last Account Update: | 11/10/2006 10:06:43 AM |
| Account Status: | Active |
| Phone Balance: | $0.01 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| | | |

## Account Balances

| | |
|---|---|
| Account Balance: | $16.80 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $16.80 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.00 |
| National 6 Months Deposits: | $42.24 |
| National 6 Months Withdrawals: | $34.72 |
| National 6 Months Avg Daily Balance: | $14.88 |
| Local Max. Balance - Prev. 30 Days: | $16.80 |
| Average Balance - Prev. 30 Days: | $13.47 |

# Commissary History

## Purchases

Validation Period Purchases: $0.00
YTD Purchases: $0.00
Last Sales Date: No Comm Sales

## SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

## Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $0.00
Remaining Spending Limit: $290.00

# Commissary Restrictions

## Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

## Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|-----------|-----------|------------|----------|--------|--------|

# Comments

**Comments:**

DHO 45 EXP 3/4/06

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### OFFICE OF THE CLERK
#### P.O. Box 1518
#### ELKINS, WV 26241-1518

## PRISONER TRUST ACCOUNT REPORT

*FILED*

*NOV 2 7 2006*

*U.S. DISTRICT COURT*
*CLARKSBURG, WV 26301*

Name: Michael-Eric: Hornes[*6th*]

Inmate #: (10847-007)

TO:         Trust Officer

FROM:       Wally Edgell, Ph.D., Clerk of Court
            United States District Court for the Northern District of West Virginia

RE:         Civil Action No. 1:06-CV- ~~113~~ 149

A prisoner initiating a civil action must obtain from the Trust Officer of each institution in which the prisoner was confined during the preceding six months, a certified copy of the prisoner's trust account statement for the six months prior to the filing of his or her complaint.

Please compete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Clerk of Court. **The ledger sheets MUST be attached for the Court to process this form.**

Date complaint to be filed:_____

Account Balance at time of filing complaint:_____

AVERAGE MONTHLY DEPOSITS during the six months prior to the filing of the civil action:

_____

AVERAGE MONTHLY BALANCE during the six months prior to the filing of the civil action:

_____

I certify that the above information accurately states the deposits and balances in the applicant's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained in the ordinary course of business.

_____        _____        _____
Date               Authorized Signature                 Title

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### OFFICE OF THE CLERK

*FILED*
*FEB 2 7 2007*
*U.S. DISTRICT COURT*
*WHEELING, WV 26003*

## PRISONER TRUST ACCOUNT REPORT

Name: _Michael-Eric Hornes_          Inmate #: _10842-007_

TO:        Trust Officer

FROM:   Wally Edgell, Ph.D., Clerk of Court
          United States District Court for the Northern District of West Virginia

RE:        Civil Action No. _5:06-CV-149_

Under the Prison Litigation Reform Act, a prisoner initiating a civil action must **obtain from the Trust Officer** of each institution in which the prisoner was confined during the preceding **six months, a certified copy** of the prisoner's trust account statement for the six months prior to the filing of his or **her complaint.**

Please compete this form, attach the supporting ledger sheets, and return these **documents to the prisoner for** mailing to the Clerk of Court. **The ledger sheets MUST be attached for the Court to process this form.**

Date complaint to be filed: _11/27/06_

Account Balance at time of filing complaint: _$17.96_

AVERAGE MONTHLY DEPOSITS during the six months prior to the filing of the **civil action:**
_$7.52_

AVERAGE MONTHLY BALANCE during the six months prior to the filing of the **civil action:**
_$7.52_

I certify that the above information accurately states the deposits and balances in the **applicant's trust account** for the period shown and that the attached ledger sheets are true copies of the account **records maintained in the** ordinary course of business.

_2-21-07_                _____        _Counselor_
Date                          Authorized Signature              Title

_Available Balance $0.00_

_10_



## Inmate Inquiry

| | | | |
|---|---|---|---|
| Inmate Reg #: | 10847007 | Current Institution: | Hazelton USP |
| Inmate Name: | HORNES, MICHAEL | Housing Unit: | HAZ-E |
| Report Date: | 02/21/2007 | Living Quarters: | F02-208L |
| Report Time: | 11:22:17 AM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | Yes |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 0078 |
| PAC #: | 570572319 |
| FRP Participation Status: | Completed |
| Arrived From: | CUM |
| Transferred To: | |
| Account Creation Date: | 12/26/2002 |
| Local Account Activation Date: | 9/2/2005 3:36:08 AM |
| | |
| Sort Codes: | |
| Last Account Update: | 2/5/2007 10:44:21 AM |
| Account Status: | Active |
| Phone Balance: | $0.15 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $17.96   = $0 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $17.96 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.00 |
| National 6 Months Deposits: | $45.12 |
| National 6 Months Withdrawals: | $49.72 |
| National 6 Months Avg Daily Balance: | $17.17 |
| Local Max. Balance - Prev. 30 Days: | $24.96 |
| Average Balance - Prev. 30 Days: | $20.13 |

# Commissary History

## Purchases

Validation Period Purchases: $0.00
YTD Purchases: $0.00
Last Sales Date: No Comm Sales

## SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

## Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $0.00
Remaining Spending Limit: $290.00

# Commissary Restrictions

## Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

## Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|-----------|-----------|------------|----------|--------|--------|

# Comments

Comments:
DHO 45 EXP 3/4/06

# AFFIDAVIT OF MAILING/SERVICE

I, _Michael-Eric: Hornes ©®_, the undersigned adult inhabitant of City of _Bruceton Mills_, _West Virginia_ state, attest under penalty of perjury, that I did personally witness and place into an envelope the below listed document(s):

_Prisoner Trust Account Report_
_Trust Fund Print-Out_
_____
_____
_____

The mailing envelope was addressed to:

_Clerk, U.S. District Court_
_Northern District of W. Va._
_P.O. Box 471_
_Wheeling, WV 26003_

1. All documents were placed into an envelope which was sealed and presented for delivery/service by:

    [] Personally delivered to the above-named Party [_____]
    [] Handed to an Agent/Co-Worker [_____]
    [X] Placed in the Mail to be delivered, Non-Domestice, Without Prejudice, by the [U.S.P.S.]:
        [X] First Class Mail
        [] Priority Mail
            [] With 'delivery confirmation'
            [] Certified #_____
                [] Return Receipt Requested
                [] Restricted Delivery
    [] Certified Mail #_____
        [] Return Receipt Requested
        [] Restricted Delivery

2. I, _Michael-Eric: Hornes ©®_, personally reviewed all documents enclosed for mailing and attest to the enclosing of such in envelope.

EXECUTED BY ME this _24_ day of _February_, 200_7_ A.D.

_Michael-Eric: Hornes ©®_    <<SEAL>>
Affiant, W.O.P., UCC 1-207, 1-103

_Page 1 of 1_.....................................Filing/Account # _5:06-cv-149_

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV

FEB 2 8 2007

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

MICHAEL-ERIC HORNES,

      Petitioner,

v.

                                                     Civil No. 5:06cv149
                                                   (Judge Stamp)

JOE DRIVER, Warden,,

      Respondent.

## ORDER GRANTING IN FORMA PAUPERIS BUT REQUIRING PETITIONER TO PAY THE $5.00 FILING FEE

On November 27, 2006, the *pro se* petitioner initiated this case by filing a "Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241". On that same date, the petitioner filed a Motion for Leave to Proceed *in forma pauperis*, a Consent to Collection of Fees from Trust Account and a blank Prisoner Trust Account Statement. Accordingly, an Order was entered requiring the petitioner to file a completed Prisoner Trust Account Report with ledger sheets for the preceding six months. On January 26, 2007, the petitioner filed the ledger sheets but not the Prisoner Trust Account Report, as required. Because it was not clear that the Clerk's office had sent the form, another Order was entered requiring the petitioner to submit the completed form, with the authorized signature and title of the correctional officer completing the form, together with a ledger sheet for the preceding six months. On February 27, 2006, the petitioner filed the required form and ledger sheets.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. However, if a petitioner submits a certified copy of the trust fund statement for the six-month period

*11*

immediately preceding the request, the Court may consider his request. In his affidavit of indigency, petitioner asserts that he has no assets, but states that he earns monthly income from his prison employment. Moreover, petitioner's prison trust account report, dated November 14, 2006, two weeks before the complaint was filed, reflects that the petitioner had an account balance of $16.80 and a six month average daily balance of $14.88. The most recent ledger sheet, dated February 21, 2007, reflects that the petitioner had an account balance of $17.96, and a six month average daily balance of $17.17.

Accordingly, the petitioner's application to proceed *in forma pauperis* (dckt. 2) is GRANTED. However, because petitioner had sufficient funds in his account to pay the required fee at the time this case was filed, petitioner will be required to pay the $5.00 filing fee within thirty (30) days from the date of this Order. **Failure to pay the $5.00 fee within the required time period will result in a recommendation that his case be dismissed**.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the pro se petitioner.

DATED: February 28, 2007

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE

2

"Without Prejudice"
Michael-Eric: Hornes©®
c/o 2850 Langston Pl., S.E., Rm. 201
    Washington, D.C. 20020
"under necessity"

FILED
APR 0 6 2007
U.S. DISTRICT
WHEELING,

Notice To The Agent Is Notice To The Principal And Viz-A-Viz
    I, Michael-Eric: Hornes©®, File On Demand

United States District Court
Northern District of West Virginia


Michael-Eric: Hornes©®,                    :
        [Plaintiff],                       :        Case No. 5:06-cv-00149 (FPS-JES)
                                           :
V.                                         :
                                           :        Notice of Change of
                                           :        Address and Request for
Joe Driver, et. al.,                       :        Extension of Time
        Defendant(s).                      :
_____        :


COMES NOW, Michael-Eric: Hornes©®, sui juris, In Propria
Persona and gives 'actual & constructive' Notice of
my new address which is as follows:

        Michael-Eric: Hornes©®
        c/o 2850 Langston Pl., S.E., Rm. 201
            Washington, [D.C. 20020]
            [Hope Village Half-way House]

-1-

12

Enter the change in the record per Fed. R. Civ. P.

Further, the [Plaintiff] hereby requests a copy of
the docket sheet in this case and asks this
court to grant a 30 day extension of time
regarding the last 2 entries as they relate to my
having to respond to such because I have been
transferred and do not possess the resources to
answer at this time.

Dated: 4/2/07

Without Prejudice/Recourse

Michael-Eric: Hornes©®
Michael-Eric: Hornes©®
W.O.P., 28 D.C.C. 1-207, 1-103

-2-

"without Prejudice"
Michael-Eric: Hornes®©
c/o 2850 Langston Pl. S.E., #201
     Washington, D.C. 20020
"under necessity"

SOUTHERN MD 207

04 APR 2007 PM 5 L



RECEIVE
APR 06 2007
U.S. DIST
WHEELING WV

* Non-Domestic *

U.S. District Court
No. District of West Virginia
P.O. Box 471
Wheeling, WV  26003

26003400060

I - Hob

FILED

APR 0 6 2007

U.S. DISTRICT COURT
WHEELING, WV 26003

"Without Prejudice"
Michael-Eric: Hornes©®
c/o 2850 Langston Pl., N.W.
      Washington, D.C. [20020]
"under necessity"

Notice to the Agent is Notice To the Principal And Viz-A-Viz
        I, Michael-Eric: Hornes©®, File On Demand

United States District Court
Northern District of West Virginia


Michael-Eric: Hornes©®,          :   Civil Case No. 5:06-CV-00149 (FPS-JES)
      [Plaintiff],

                                 :   MOTION FOR CHANGE OF
v.                                   VENUE AND REQUEST FOR
Joe Driver, et. al               :   COURT ASSISTANCE

____Defendant(s)____             :
_____

COMES Now, Michael-Eric: Hornes©®, sui juris, In Propria
Persona, and humbly requests for a change of venue in
this case because of the [Plaintiff's] change of address. The
[Plaintiff] will also ask that the issue a temporary
Order compelling Hope Village Re-entry Program
to allow the [Plaintiff] access to a law library.

13

## Relief Sought

① On or about March 5, 2007, the [Plaintiff] was transferred to a Bureau of Prisons Community Corrections Center, at 2850 Langston Pl. S.E., #201, Washington, D.C. 20020.

② Now that the [Plaintiff] is located in the District of Columbia, the courts of that jurisdiction are the proper locations

③ The facility where the [Plaintiff] is located does not have any manner of a law library nor general access to the courts, i.e. books, paper, pencils, envelopes, etc. I have asked for supplies and have been told that they don't provide such.

④ [Plaintiff] has been verbally denied all requests to access a law library. A facility Supervisor, Mr. Emerson, denies all such requests and gives no authority to do so.

⑤ [Plaintiff] has several pending court matters and needs some, even if minimal, access to the court.

Dated: April 2, 2007

Without Prejudice/Recourse

Michael-Eric Harris ©℗

28 U.S.C. 1-207, 1-103; Ex More Moto

Michael-Eric Harris ©℗

- 2-

"without Prejudice"
Michael-Eric: Hornes ⓒⓒ
c/o 2850 Langston Pl. S.E., #201
      Washington, D.C. 20020
"under necessity"

SOUTHERN MD 207

04 APR 2007 PM 5 L



RECEIVED
APR 06 2007
U.S. DIST.
WHEELING, WV 26003

* Non-Domestic *

U. S. District Court
No. District of West Virginia
P.O. Box 471
Wheeling, WV  26003

26003+0060

1 - Hob

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL-ERIC HORNES,

      Petitioner,

v.                                        Civil Action No. 5:06cv149
                                          (Judge Stamp)
JOE DRIVER, Warden,

      Respondent.

### ORDER GRANTING MOTION FOR EXTENSION OF TIME AND REQUIRING PETITIONOER TO PAY $5.00 FILING FEE WITHIN THIRTY DAYS

On February 28, 2007, this Court entered an Order granting the petitioner's Motion for Leave to Proceed *in forma pauperis*, but requiring him to pay the $5.00 filing fee. On April 6, 2006, the petitioner filed a Motion for Extension of time indicating that he has been transferred to a halfway house in Washington, D.C., and lacks the resources to respond to the "last two entries" on the docket sheet. Given that the petitioner is appearing *pro se*, and no adverse effect will inure to the respondent if said motion is granted, the Court finds good cause to grant the same.

Accordingly, it is hereby Ordered that the petitioner's Motion for an Extension of Time (Doc. 12) be **GRANTED**, and the petitioner shall have thirty (30) days from entry of this Order to pay the previously ordered $5.00 filing fee. The petitioner is advised that failure to comply with this Order will result in a recommendation this his case be dismissed.

It is so ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner and any counsel of record.

**ENTER:** April 12, 2007

                /s/ James E. Seibert
                JAMES E. SEIBERT
                UNITED STATES MAGISTRATE JUDGE

14

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

G
07-1028
RCL

## I (a) PLAINTIFFS

Michael Eric Hones

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 10847-007

## DEFENDANTS

Joe Driver, Warden

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-01028
Assigned To : Lamberth, Royce C.
Assign. Date : 06/08/2007
Description: HABEAS CORPUS

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

O

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN

☒ 1 Original Proceeding □ 2 Removed from State Court □ 3 Remanded from Appellate Court □ 4 Reinstated or Reopened □ 5 Transferred from another district (specify) □ Multi district Litigation □ 7Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

VII. REQUESTED IN COMPLAINT   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   DEMAND $ ○   Check YES only if demanded in complaint JURY DEMAND: □ YES ☒ NO

VIII. RELATED CASE(S) IF ANY   (See instruction)   □ YES ☒ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD   N/A

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd