## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL ERIC HORNES,** | : | |
| **Petitioner** | : | **Civil Action No. 07-1028 (RCL)** |
| | : | **Judge Royce C. Lamberth** |
| **v.** | : | |
| | : | |
| **JOE DRIVER, Warden, et. al,** | : | |
| **Respondents** | : | |

## FEDERAL RESPONDENTS' MOTION TO DISMISS PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, respectfully file their motion to dismiss the petitioner's pro se petition for a writ of habeas corpus. In support of his petition, the petitioner claims that the Federal Bureau of Prisons ("BOP") violated his due process rights and their regulations in the conduct of a disciplinary hearing, which resulted in the forfeiture of some institutional privileges and 27 days of his good time credits that he had earned while in custody, thereby delaying his release. However, given that the petitioner was released on August 30, 2007 to begin his term of supervised release and is no longer in BOP's custody, his petition for a writ of habeas corpus should be dismissed as moot, because BOP's allegedly illegal actions are no longer affecting the petitioner's status.

## BRIEF PROCEDURAL HISTORY

On October 7, 2002, the petitioner, Michael E. Hornes, was sentenced in Superior Court Case F2253-02 to a term of six years' imprisonment, followed by a 3 year term of supervised release, for committing the offense of aggravated assault. See Exhibit A (Judgment and Commitment Order). On September 1, 2005, the petitioner arrived at the U.S. Penitentiary

located in Bruceton Mills, West Virginia. See Exhibit B at p. 1 (BOP Public Information Inmate

Data).  On December 6, 2005, the petitioner was involved in a incident with a nurse in the

institution's health services unit and the petitioner was served with a copy of the Incident Report

on December 7, 2005.  See Exhibit C at p. 1 (Incident Report).[1]  Because the petitioner indicated

that he did not understand the nature of the proceedings, the initial Unit Disciplinary Committee

("UDC") hearing was delayed in order to have the petitioner evaluated. See Exhibit D.

(Memorandum dated 12/15/05).[2]  After receiving a report indicating that the petitioner was

capable of proceeding with the hearing, the UDC conducted the initial hearing on December 27,

2005.  At the conclusion of the hearing, the petitioner was advised that the matter would be

referred to a Disciplinary Hearing Officer ("DHO"). See Exhibit C, Exhibit E (Inmate Rights At

Discipline Hearing), and Exhibit F (Notice of Discipline Hearing).[3]

    The disciplinary hearing was conducted on January 19, 2006. See Exhibit G (DHO

---

[1]Authority for administering the federal prison system was delegated by Congress to the BOP. 18 U.S.C. § 4042; 28 C.F.R. § 500 et. seq. This authority includes the duty to provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States. 18 U.S.C. § 4042(a)(3) (emphasis added). Pursuant to this authority, the BOP has promulgated rules for inmate discipline. 28 C.F.R. Part 541.

[2]The UDC consists of one or more staff members with the authority to hold an initial hearing upon completion of an investigation concerning alleged charges of inmate misconduct. 28 C.F.R. § 541.2(b).
 The UDC holds the initial hearing, ordinarily, within three working days from the time the staff becomes aware of the incident. 28 C.F.R. § 541.15(b).

[3]At the conclusion of a UDC hearing, the incident is resolved by finding that (1) the inmate committed the prohibited act as charged, (2) the inmate did not commit the prohibited act as charged, or (3) by  referring the case to a Disciplinary Hearing Officer ("DHO") for further hearing. 28 C.F.R. § 541.15(f).
 The DHO is an independent hearing officer who is responsible for conducting discipline hearings and who imposes sanctions for incidents of inmate misconduct referred for disposition by the UDC. 28 C.F.R. § 541.2(c).

Report).  The petitioner requested and received the assistance of a staff member, M. Goss, an Education Tech. Id. at p. 1.  The petitioner, through his staff representative, interviewed witnesses but the petitioner did not wish to present the witnesses or their statements at the hearing. Id.[4]  At the conclusion of the hearing, the petitioner was found to have committed the infraction and, as punishment, 27 days of good time credit were forfeited. Id. at pp. 4-5.[5]

The petitioner filed an administrative appeal, which was denied on August 17, 2006.  On November 27, 2006, the petitioner filed the instant habeas petition in the U.S. District Court for the Northern District of West Virginia.  On March 5, 2007, the petitioner was transferred from USP Hazelton in West Virginia to a halfway house in the District of Columbia. See Exhibit B at p.1.  Because of the petitioner's transfer, his habeas petition was transferred to the U.S. District Court for the District of Columbia on May 1, 2007.  On August 30, 2007, the petitioner was released from the halfway house to begin his term of supervised release. Id. at pp. 1, 4 and Exhibit H (Inmate Locator).[6]

## ARGUMENT

In his habeas petition, the petitioner argues that the Federal Bureau of Prisons ("BOP") violated his due process rights and their regulations in the conduct of a disciplinary hearing which resulted in the loss of some institutional privileges and the forfeiture of 27 days of good time credits that he had earned while in custody, thereby delaying his release to his term of

---

[4]At the hearing, the inmate is entitled to make a statement, present documentary evidence, and present witnesses on his own behalf. 28 C.F.R. § 541.17(c).

[5]The petitioner lost some institutional privileges as well. See Exhibit G at pp. 4-5.

[6]Supervised release commences on the date the person is released from imprisonment. See D.C. Code § 24-403.01(b)(5); see also 18 U.S.C. § 3624(e).

supervised release.[7]  Given that the petitioner was released to his term of supervision on August

30, 2007 and is no longer in BOP custody, the petitioner's petition for a writ of habeas corpus

should be dismissed as moot.

As the records indicate, the petitioner was earning statutory good time credit pursuant to

18 U.S.C. § 3624 but, on January 19, 2006, BOP forfeited 27 days of statutory good time credits

based on an institutional disciplinary infraction.[8]  Thus, this forfeiture of statutory good time

credits delayed the petitioner's release to his term of supervision by 27 days and the petitioner

was not released until August 30, 2007.  Such good time credit only operates to determine at

what point a prisoner may be released prior to serving his full sentence. 28 C.F.R. § 2.35(b).

Because the forfeiture of good time credits only affects the release date on the petitioner's term

of incarceration, the petitioner's release on supervision on August 30, 2007 makes any forfeiture

of good time credit earned prior to that date moot. Likewise, the petitioner's argument that he

does not have adequate access to a law library and that his disciplinary infraction resulted in loss

of privileges in the institution also has become moot upon his release from BOP's custody.

------

[7]Although the petitioner filed his habeas petition when he was incarcerated in a federal institution in Bruceton Mills, West Virginia, the Court acquired jurisdiction when the petitioner was transferred to a D.C. halfway house and subsequently released to the supervision of CSOSA in the District of Columbia. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a petitioner who is on parole is "in custody" for purposes of the habeas statute); Matthews v. Meese, 644 F.Supp. 380, 381 (D.D.C. 1986) (custodian of a parolee is his parole officer).
        The petitioner also has moved for money damages.  However, a habeas petition, which is the means by which to challenge confinement and seek release, is not the proper avenue by which to seek money damages.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (habeas corpus is not an appropriate or available federal remedy for a claim of monetary damages).

[8]A prisoner may earn up to 54 days good time credit per year under 18 U.S.C. § 3624(b). After the forfeiture of a total of 68 days of good time credit, the petitioner still was credited with 223 days of good time credit towards completion of his term of incarceration and he was released on August 30, 2007. See Exhibit B at p. 4 and Exhibit I (Inmate Discipline Data).

Under Article III of the U.S. Constitution, a federal court only has the power to resolve "Cases" or "Controversies" between litigants. <u>Isenbarger v. Farmer</u>, 463 F. Supp.2d 13, 19 (D.D.C. 2006). As the Court recounted in <u>Isenbarger</u>:

> A case is considered moot either "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496, 89 S.Ct.1944, 23 L.Ed.2d 491 (1969); <u>see also</u> <u>Pharmachemie B.V. v. Barr Labs.</u>, 276 F.3d 627, 631 (D.C. Cir. 2002) (a case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future"). As the Supreme Court has put it "mootness deprives us of the power to act; there is nothing for us to remedy, even if we were disposed to do so." <u>Spencer v Kemna</u>, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

<u>Id.</u> at p. 22. Counsel have a duty to advise the Court "without delay" of facts that raise the possibility that a case has become moot. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 68, n.23 (1997). The petitioner's release on August 30, 2007 constitutes a fact that causes the present controversy before the Court to be moot.

The petitioner's petition seeks his release based on alleged improprieties concerning the conduct of the 2006 disciplinary hearing and the resulting forfeiture of good time credits and some institutional privileges. However, given the petitioner's release to supervision on August 30, 2007 and the fact that the petitioner is not currently in BOP's custody, any order directed to the respondent concerning the petitioner will have no effect on his present status. Because the petitioner's ultimate objective in bringing his habeas action was to obtain an earlier release date and restoration of his privileges, the release of the petitioner on August 30, 2007 has made the relief sought by the petitioner moot. <u>See</u>, <u>e.g.</u>, <u>Qassim v. Bush</u>, 466 F.3d 1073, 1076 (D.C. Cir. 2006) (release of petitioners mooted habeas claim challenging detention at Guantanamo Bay Naval facility); <u>Abdussamadi v. Harris</u>, 2003 WL 880993, *1 (D.C. Cir. 2003) (writ of

mandamus challenging Commission's parole eligibility date moot when petitioner was released

on parole); In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief

is moot as a result of [petitioner's] release from prison"); Hardesty v. Draper, 687 A.2d 1386,

1371 (D.C. 1997) (habeas action challenging confinement in mental institution held moot

because petitioner had been released from institution); Alonso-Martinez v. Meissner, 697 F.2d

1160, 1165-66 (D.C. Cir. 1983) (petitioner's release from INS detention to parole made his

habeas petition moot); Banks v, Ferrell, 411 A.2d 54, 56 (D.C. 1979) (prisoner's suit regarding

D.C. Board of Parole procedures held moot by his transfer to the Bureau of Prisons and the

subsequent parole grant from the U.S. Parole Commission); Morton v. U.S. Parole Comm'n.,

2006 WL 314559 at *2 (D.D.C. Feb. 9, 2006) (petitioner's challenge to extended presumptive

parole date moot because of petitioner's parole); Kimberlin V. U.S. Parole Comm'n., 2004 WL

885215 at *1 (D.D.C. April 22, 2004) (habeas petition challenging Commission's decision to

revoke parole and delay reparole moot because petitioner had been reparoled).[9]

Accordingly, because the petitioner was released to supervision on August 30, 2007 and

---

[9]Even if BOP erroneously forfeited his 27 days of good time credit, those credits can not be used to either shorten the period of his supervised release or to shorten the period of any future imprisonment the petitioner may be required to serve for violating the conditions of his supervised release, and thus return of his good time credits would have no effect on his current term of supervised release, rendering his petition moot. See, e.g., United States v. Johnson, 529 U.S. 53, 60 (2000) (the length of a supervised release term may not be reduced by reason of excess time served in prison); Williams v. Sherman, 214 Fed.Appx. 264, 266 (3rd Cir. 2007) (term of supervised release "cannot be reduced by reason of excess time served in prison"); James v. Outlaw, 142 Fed.Appx. 274, *1 (8th Cir. 2005) (habeas petition, alleging the wrongful revocation of good time credits, rendered moot upon petitioner's release); Pettit v. Lehman, 43 Fed.Appx. 8, 9 (9th Cir. 2002) ("extra" time spent in prison cannot be credited against remaining term of supervised release or financial obligation); Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987) (request for expungement of disciplinary report and restoration of good time credits rendered moot by petitioner's release because loss of good time does not carry over to subsequent term of imprisonment); 28 C.F.R. § 2.35(b).

because the petitioner is not currently in BOP custody, the United States respectfully requests

that his petition for a writ of habeas corpus be dismissed as moot.[10]

A proposed Order is attached.

––––––––––––––––––

[10]The petitioner's request for relief is based on his assertion that his initial disciplinary hearing by the UDC was not held in a timely fashion and that there was insufficient evidence to support the DHO's finding that he had committed an institutional infraction.  While it is true that the UDC hearing was not held within the customary 3 days after the incident, the delay was to ensure that the petitioner was competent to proceed with the hearing and thus the delay was for the petitioner's benefit. See Exhibit D.  Moreover, the petitioner has not demonstrated that he suffered any prejudice from this brief delay.

Likewise, the petitioner's claim that there was insufficient evidence to support a disciplinary infraction is without merit. The Supreme Court has held that the "requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent v. Hill, 472 U.S. 445, 455 (1985) (emphasis added); see also Scruggs v. Jordan, 485 F.3d 934, 941 (7th Cir. 2007); Jones-Heim v. Reed, 241 Fed.Appx. 359, 360-61 (9th Cir. 2007);  Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001); Wegener v. Gutierrez, 2007 WL 1575966, *5 (N.D.W.Va. May 30, 2007).  In reaching the decision, the DHO relied upon the incident report interview with Nurse Konchan, the written statement of Nurse Wright and the petitioner's own two page statement. See Exhibit G at pp. 3-4. Clearly, there was "some" evidence in the record to support the finding of a disciplinary infraction and the decision should not be overturned.

If this Court determines that the petitioner's habeas petition has not become moot based on the petitioner's release from BOP custody on August 30, 2007, the government requests an opportunity to further address the merits of petitioner's claims within 45 days of the Court's decision.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

 /s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

 /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Federal Respondents' Motion To Dismiss has been filed electronically with the Court and served by mail upon the petitioner, Michael E. Hornes, 901 Taylor Street N.E., #B, Washington, D.C. 20017, this 3rd day of December, 2007.

 /s/ Sherri L Berthrong
Sherri L. Berthrong
Assistant United States Attorney

-8-

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL ERIC HORNES,** | : | |
| **Petitioner** | : | **Civil Action No. 07-1028 (RCL)** |
| | : | **Judge Royce C. Lamberth** |
| **v.** | : | |
| | : | |
| **JOE DRIVER, Warden, et. al,** | : | |
| **Respondents** | : | |

**ORDER**

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the Federal

Respondents' Motion to Dismiss Petitioner's Petition For a Writ of Habeas Corpus and for the

reasons stated in the Federal Respondents' Motion to Dismiss, it is hereby

**ORDERED** that the Federal Respondents' Motion To Dismiss is **GRANTED**;

Petitioner's Petition For A Writ Of Habeas Corpus is **DISMISSED** as moot.

**SO ORDERED** this _____ day of _____, 2007.

_____
Royce C. Lamberth
U.S. District Court Judge

Copies:

Michael E. Hornes
901 Taylor Street, N.E.
#B
Washington, D.C. 20017

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

United States of America
District of Columbia

*PTR-54*

Case No. *F-2253-02 B*
PDID No. *373-659*

*Michael* vs *E. Hornes*

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ not Guilty ☒ Guilty to the Charge(s) of

*(B) aggravated assault)*

and having been found guilty by ☐ Jury ☒ Court it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *(6) Six years incarceration to be followed by Three years Supervised release.*

*The Court recommends def. receive Mental health treatment while incarcerated*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 905[b] of the D.C. Code [Youth Rehabilitation Act 1985]

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation.

    ☐ Observe the general conditions of probation listed on the back of this order.

    ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

    ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

    ☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

    ☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ *100* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid *to be deducted from prison pay*

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

**A TRUE COPY**

*10-7-02* TEST:
Date

Certification by Clerk pursuant to Criminal Rule 32 Clerk, Superior Court of the District of Columbia

*10-7-02*
Date     By _____

Judge

Deputy Clerk

Deputy Clerk

**EXHIBIT B**

```
MXRSC              *        PUBLIC INFORMATION          *      10-26-2007
PAGE 001           *           INMATE DATA              *      06:52:41
                                AS OF 10-26-2007

REGNO..: 10847-007 NAME: HORNES, MICHAEL E

                   RESP OF: CDC / GOOD CONDUCT TIME RELEASE
                   PHONE..: 301-317-3142    FAX: 301-317-3138
FBI NUMBER.: 31529OJA8                      RACE/SEX...: BLACK / MALE
ACTUAL RELEASE METH.: GCT REL              DOB/AGE....:
ACTUAL RELEASE DATE.: 08-30-2007
---- ------------------- -------------- ADMIT/RELEASE HISTORY ----------------------
FCL   ASSIGNMENT  DESCRIPTION                   START DATE/TIME  STOP  DATE/TIME
CDC   GCT REL     GOOD CONDUCT TIME REL (CCCA)  08-30-2007 0916 CURRENT
CDC   A-DES       DESIGNATED, AT ASSIGNED FACIL 08-10-2007 2100 08-30-2007 0916
CDC   ESCAPE      ESCAPE                        08-10-2007 1230 08-10-2007 2100
CDC   A-HC SENT   HOME CONFINEMENT-SENTENCED    06-07-2007 1410 08-10-2007 1230
0-X   RELEASE     RELEASED FROM IN-TRANSIT FACL 06-07-2007 1410 06-07-2007 1410
0-X   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-07-2007 1410 06-07-2007 1410
CDC   TRANSFER    TRANSFER                      06-07-2007 1408 06-07-2007 1408
CDC   A-DES       DESIGNATED, AT ASSIGNED FACIL 03-05-2007 1408 06-07-2007 1408
7-L   RELEASE     RELEASED FROM IN-TRANSIT FACL 03-05-2007 1345 03-05-2007 1345
7-L   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-05-2007 0935 03-05-2007 1345
HAZ   FURL TRANS  FURL W/UNESCORTED TRF TO A CCC 03-05-2007 0935 03-05-2007 0935
HAZ   A-DES       DESIGNATED, AT ASSIGNED FACIL 09-01-2005 1459 03-05-2007 0935
6-H   RELEASE     RELEASED FROM IN-TRANSIT FACL 09-01-2005 1459 09-01-2005 1459
6-H   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-01-2005 1333 09-01-2005 1459
CUM   TRANSFER    TRANSFER                      09-01-2005 1333 09-01-2005 1333
CUM   A-DES       DESIGNATED, AT ASSIGNED FACIL 08-08-2005 1627 09-01-2005 1333
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL 08-08-2005 1627 08-08-2005 1627
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-08-2005 0905 08-08-2005 1627
OKL   HLD REMOVE  HOLDOVER REMOVED              08-08-2005 0805 08-08-2005 0805
OKL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF 07-20-2005 1645 08-08-2005 0805
S40   RELEASE     RELEASED FROM IN-TRANSIT FACL 07-20-2005 1745 07-20-2005 1745
S40   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-20-2005 0704 07-20-2005 1745
GIL   TRANSFER    TRANSFER                      07-20-2005 0704 07-20-2005 0704
GIL   A-DES       DESIGNATED, AT ASSIGNED FACIL 07-15-2004 0059 07-20-2005 0704
4-D   RELEASE     RELEASED FROM IN-TRANSIT FACL 07-15-2004 0059 07-15-2004 0059
4-D   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-14-2004 1117 07-15-2004 0059
OTV   TRANSFER    TRANSFER                      07-14-2004 1117 07-14-2004 1117
OTV   A-DES       DESIGNATED, AT ASSIGNED FACIL 07-25-2003 1655 07-14-2004 1117
OTV   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 07-25-2003 1419 07-25-2003 1655
OTV   A-DES       DESIGNATED, AT ASSIGNED FACIL 07-25-2003 1107 07-25-2003 1419
OTV   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 07-25-2003 0725 07-25-2003 1107
OTV   A-DES       DESIGNATED, AT ASSIGNED FACIL 05-13-2003 1634 07-25-2003 0725
OTV   ESCORT TRP  ESC TRIP OTHER THAN LOCAL HOSP 05-13-2003 1453 05-13-2003 1634
OTV   A-DES       DESIGNATED, AT ASSIGNED FACIL 04-02-2003 1737 05-13-2003 1453
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL 04-02-2003 1737 04-02-2003 1737
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-02-2003 0716 04-02-2003 1737


G0002       MORE PAGES TO FOLLOW . . .
```

```
MXRSC                *        PUBLIC INFORMATION          *     10-26-2007
PAGE 002             *           INMATE DATA              *     06:52:41
                                AS OF 10-26-2007

REGNO..: 10847-007 NAME: HORNES, MICHAEL E

                     RESP OF: CDC / GOOD CONDUCT TIME RELEASE
                     PHONE..: 301-317-3142    FAX: 301-317-3138
ATL    HLD REMOVE  HOLDOVER REMOVED               04-02-2003 0716 04-02-2003 0716
ATL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  03-31-2003 1955 04-02-2003 0716
P03    RELEASE 03  RELEASED FROM IN-TRANSIT, MAR  03-31-2003 1955 03-31-2003 1955
P03    A-ADMIT 03  ADMITTED TO IN-TRANSIT, MAR    03-25-2003 0530 03-31-2003 1955
O-Q    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-25-2003 0530 03-25-2003 0530
O-Q    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 11-25-2002 1026 03-25-2003 0530
CBR    ADMIN REL   ADMINISTRATIVE RELEASE         11-25-2002 1026 11-25-2002 1026
CBR    A-ADMIN     ADMINISTRATIVE ADMISSION       11-25-2002 1017 11-25-2002 1026
BOP    UNCOMT RMV  UNCOMMITTED CASE REMOVED       10-30-2000 0904 11-25-2002 1017
BOP    A-DCOB      ADMIT TO D.C. OFFENDER BRANCH  08-29-2000 1059 10-30-2000 0904


G0002     MORE PAGES TO FOLLOW . . .
```

```
  MXRSC           .         PUBLIC INFORMATION          .      10-26-2007
PAGE 003          .           INMATE DATA               .      06:52:41
                            AS OF 08-30-2007
```

REGNO..: 10847-007 NAME: HORNES, MICHAEL E

```
                  RESP OF: CDC / GOOD CONDUCT TIME RELEASE
                    PHONE..: 301-317-3142    FAX: 301-317-3138
PRE-RELEASE PREPARATION DATE: 02-28-2007
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  08-30-2007 VIA GCT REL

-------- ----------------PRIOR JUDGMENT/WARRANT NO: 010 -------- --------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-2253-02
JUDGE..........................: CANAN
DATE SENTENCED/PROBATION IMPOSED: 10-07-2002
DATE COMMITTED.................: 04-07-2003
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO

                 FELONY ASSESS  MISDMNR ASSESS   FINES            COSTS
                                                                $100.00
NON-COMMITTED.:   $00.00         $00.00          $00.00         $100.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00
```

-------------------------PRIOR OBLIGATION NO: 010 --------------------------

```
OFFENSE CODE....:  602
OFF/CHG: 22-404.01, AGGRAVATED ASSAULT

 SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 03-12-2002
```

G0002      MORE PAGES TO FOLLOW . . .

```
MXRSC               *        PUBLIC INFORMATION          *      10-26-2007
PAGE 004 OF 004     *          INMATE DATA               *      06:52:41
                                AS OF 08-30-2007
```

REGNO..: 10847-007 NAME: HORNES, MICHAEL E

```
                RESP OF: CDC / GOOD CONDUCT TIME RELEASE
                PHONE..: 301-317-3142     FAX: 301-317-3138
------------------------------PRIOR COMPUTATION NO: 010 --------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 02-01-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-01-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010

```
DATE COMPUTATION BEGAN..........: 10-07-2002
TOTAL TERM IN EFFECT............:      6 YEARS
TOTAL TERM IN EFFECT CONVERTED..:      6 YEARS
EARLIEST DATE OF OFFENSE........: 03-12-2002

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-10-2002     10-06-2002

TOTAL PRIOR CREDIT TIME.........: 180
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 223
TOTAL GCT EARNED................: 223
STATUTORY RELEASE DATE PROJECTED: 08-30-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-09-2008


ACTUAL SATISFACTION DATE........: 08-30-2007
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: DMC

DAYS REMAINING..................: 223
FINAL PUBLIC LAW DAYS...........: 0
```

S0039     ALL CURRENT COMPS ARE SATISFIED

**EXHIBIT C**

02/03/2006   08:29   5843798035
BP-S288.052                          INCIDENT REPORT                    CDFRM MAY 1994
U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution:
   USP Hazelton

                         Part I - Incident Report

| 2. Name Of Inmate | 3. Register Number | 4. Date Of Incident | 5. Time |
|---|---|---|---|
| Hornes, Michael | 10847-007 | 12/6/05 | 1100 |

| 6. Place Of Incident Health Services | 7. Assignment Compound Ord | 8. Unit E2 |
|---|---|---|

9. Incident: Threatening another with bodily harm or any other        10. Code: 203
   offense

11. Description Of Incident (Date: 12/6/05 Time: 1100 Staff become aware of incident)
    On 12/6/05, inmate Hornes, #10847-007, was seen by me for a sick call appointment.
After the visit was over and he was being released to the waiting area, inmate Hornes
asked about his bottom bunk authorization which was soon to expire. When I told him that
I did not believe a bottom bunk authorization was medically indicated, he had many
questions about my decision. I told him that he could ask to be seen by the physician;
inmate Hornes stated that he did not use the appeal process - that he preferred to take
care of it through a "private" and "outside" process. He stated that he makes "a phone
call and in a few minutes it's taken care of." During the conversation, Inmate Hornes
was looking directly at me, leaning over me and moving closer to me in an intimidating
manner when he made this statement. This process was witnessed by J. Wright, RN.

| 12. Signature Of Reporting Employee | Date And Time | 13. Name And Title (Printed) |
|---|---|---|
| C Konchan FNP C | 12/6/05 1350 | C. Konchan, Nurse Practitioner |

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered | 16. Time Incident Report Delivered |
|---|---|---|
| K Montgomery | 12-7-5 | 1036 |

                         Part II / Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident  *Inmate Hornes provided*
*a written statement, which is attached.*

18. A. It Is The Finding Of The Committee That You:    B. XX    The Committee Is
    ___ Committed The Following Prohibited Act.              Referring The Charge(s) To The DHO
                                                            For Further Hearing.
    ___ Did Not Commit A Prohibited Act.               C. ___   The Committee Advised The
                                                            Inmate Of Its Finding And Of The
                                                            Right To File An Appeal Within 15
                                                            Calendar Days.

19. Committee Decision Is Based On The Following Information *+ UDC hearing delayed, pending a mental
health evaluation. Evaluation complete. Extension approval memo provided to inmate Hodros +*
*- Sanctions are unavailable at the UDC level to deter this type of behavior.*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO
finding inmate committed prohibited act) *If found guilty, recommend 30 days disciplinary segregation and*
*27 days disallowed Good Conduct Time.*

21. Date And Time Of Action *10-7-05 1:50pm*   (The UDC Chairman's Signature Next To
    His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects
    The UDC Proceedings)

_____        _____        _____
Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

| Part III - Investigation | 22. Date And Time Investigation Began 12-07-2005  1036 |
|---|---|

**23. Inmate Advised Of Right To Remain Silent:** You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By K. Montgomery At (Date/time) 12-07-2005 1036

**24. Inmate Statement And Attitude**

Inmate Hornes was advised of his rights but would not acknowledge he understood those rights.  Several attempts were made to explain his rights and the inmate refused to acknowledge he understood them.  He received a legible copy of this incident report.  His demeanor during this interview was agitated and argumentative.  He continuously questioned the "legal" aspects of the institutional discipline process.  He made the following statement: "I asked her if she realized that any decisions that she makes about me has a liability attached to it."  As I started to note his statement, the inmate recanted by saying "That's not my statement", and "I did not make that statement because it could be perceived as a threat".  I continued writing and the inmate stated "The only thing you people understand is suits and liens".  He further stated "At know time did I physically threaten her.  I have never threatened any staff.  I don't make phone calls and you can check my phone account.  The only calls I have made are collect calls to my mother".  He stated that he had the right to prepare a written statement, and I agreed.  He did not have a written statement prepared, so I told him to have one ready for unit team.  The inmate concluded his statement with "I do not understand the nature or cause of any aspect of this procedure" and requested that be his only statement in reference to this incident.

**25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.**

Supporting memorandums from J. Wright, R.N. and Counselor Crickard.

Counselor Crickard's memorandum was requesting that inmate Hornes be reevaluated for a lower bunk pass, as he observed inmate Hornes playing a full court basketball game.

**26. Investigator's Comments And Conclusions**

Based on the information provided in Section 11, the inmate's statement and demeanor at the time of this interview, and review of the supporting documentation, I find the charge of 203-threatening another with bodily harm or any other offense, to be a valid charge.

**27. Action Taken**

Inmate Hornes remains in Special Housing pending further action from his Unit Disciplinary Committee.

Date And Time Investigation Completed: 12-07-2005  1045

Printed Name/signature Of Investigator: K. Montgomery

Signature                                    Lieutenant
                                             Title

**EXHIBIT D**



**United States Department of Justice**
**Federal Bureau of Prisons**
**United States Penitentiary - Hazelton**
**Post Office Box 450**
**Sky View Drive**
**Bruceton Mills, West Virginia 26525**
**(304) 379-5000**

December 15, 2005

MEMORANDUM FOR AL HAYNES, WARDEN
              UNITED STATES PENITENTIARY - HAZELTON
              BRUCETON MILLS, WEST VIRGINIA

FROM:         C.T. Pulice, Unit Manager
              United States Penitentiary - Hazelton
              Bruceton Mills, West Virginia

SUBJECT:      Hornes, Michael
              Register Number 10647-007

The above-named inmate received an incident report for Threatening
Another With Bodily Harm, Code 203.  Incident Report number 1409562 was
prepared on December 6, 2005, regarding this incident.

On December 7, 2005, the Investigating Lieutenant forwarded the
incident to the Unit Disciplinary Committee (UDC) for processing.

On December 8, 2005, the UDC noted Hornes' statement to the
Investigating Lieutenant, specifically, "I do not understand the nature
or cause of any aspect of this procedure".  The UDC suspended the
incident report at this point, pending a mental health evaluation.

On December 13, 2005, Psychology Services staff provided an assessment
of Hornes to the UDC which concluded Hornes has no evidence of any
mental health issues, current or historic, which would impact his
competence or responsibility for the discipline process.

We are requesting approval to proceed with the processing of Incident
Report number 1409562 despite the delay.

                    Approve    /    Disapprove

                    _____
                    Al Haynes, Warden

**EXHIBIT E**

BP-S293.052  INMATE RIGHTS AT DISCIPLINE HEARING  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations
referred to the Discipline Hearing Officer (DHO) for disposition, you have the
following rights:

    1. The right to have a written copy of the charge(s) against you at least 24
    hours prior to appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably
    available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable
    witnesses) and to present documentary evidence in your behalf, provided
    institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be
    used to draw an adverse inference against you. However, your silence alone may
    not be used to support a finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a
    period of deliberation or when institutional safety would be jeopardized. If
    you elect not to appear before the DHO, you may still have witnesses and a
    staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that
    decision, except where institutional safety would be jeopardized, and the DHO's
    disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative
    Remedy Procedure to the Regional Director within 20 calendar days of notice of
    the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a
hearing before the Discipline Hearing Officer. I have further been advised that if
I have previously received either a presumptive or effective parole date from the
Parole Commission, a finding by the DHO that I committed the prohibited act(s) may
result in a rescission or retardation by the Parole Commission of the presumptive
or effective parole date.

Inmate's Name: Hornes, M.                    Reg. No.: 10847-007

Inmate Signature: X mother, Eric Hornes Jr, W.P., ucc 1-207, 1-103    Date: 12·27·05
              under T.D.C.

Notice of rights given to inmate(Date/time): 12·27·05  1:57 pm

by: D. Crickard
            Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

1

**EXHIBIT F**

02/03/2006  08:28    3043795033                        HAZ WARDEN                        PAGE  12/19

BP-S294.052  NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)    CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

USP Hazelton
Institution

12·27·05
Date

TO: Hornes, M.                      Reg. No.: 10847-007

ALLEGED VIOLATION(S): Threatening another with bodily harm

DATE OF OFFENSE: 12·6·05              Code No.: 203

You are being referred to the DHO for the above charge(s).

The hearing will be held on: next available DHO docket (A.M./P.M.) at the following location:
HAZ

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: Mrs. Goss

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) ✓ wish to have witnesses.

NAME:                          | Can Testify to:

NAME:                          | Can Testify to:

NAME:                          | Can Testify to:

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: 12·27·05       SIGNATURE: X _____

Notice of hearing before DHO given inmate 12·27·05 ____ by D. Crickard _____
                                         Date/Time          Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-294(52) of JAN 88

**EXHIBIT G**

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | USP Hazelton | | INCIDENT REPORT NUMBER | | 1409562 |
|---|---|---|---|---|---|
| INMATE NAME | HORNES, Michael | | REG NO | 10847-007 | UNIT E |
| DATE OF INCIDENT | 12/6/05 | | DATE OF INCIDENT REPORT | | 12/6/05 |
| OFFENSE CODE(S) | 203 | | | | |
| SUMMARY OF CHARGES | | Threatening Another with Bodily Harm or Any Other Offense | | | |

**I.  NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date) 12/7/05    at (time) 10:36am (by staff member) Lt. Montgomery

B. The DHO Hearing was held on (date) 1/19/06    at (time) 11:10am

C. The inmate was advised of his/her rights before the DHO by (staff member):

Crickard    on (date) 12/27/05    and a copy

of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and  M. Goss, Education Tech.   appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that:

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

Ms. Goss advised that she has assisted Inmate Hornes with his defense by interviewing his requested witnesses and attempting to obtain any video tape of the incident that might exist.  She stated she spoke with SIA Raudebaugh and there is no data on this incident.  Further, she advised the DHO that Inmate Hornes does not want the statements of the witnesses she interviewed to be presented.  She told the DHO that they were ready to proceed with the hearing.

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

**DISCIPLINE HEARING OFFICER REPORT**
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

---

Inmate Hornes acknowledged receiving a copy of the incident report and acknowledged that he understood his rights. DHO Lohr read aloud Section 11 of the Incident Report and asked Inmate Hornes if the report was true. Inmate Hornes stated that it was not entirely true. He provided a 2 page handwritten statement for the DHO to consider. In addition, he questioned the delay in the disciplinary process. The DHO explained that during his interview with the Investigating Lieutenant, he stated, "I do not understand the nature or cause of any aspect of this procedure". The UDC requested a mental health evaluation be conducted to determine responsibility and competency to proceed. Upon receipt of the evaluation, the UDC requested approval to proceed with the hearing beyond the usual 5 working days and the Warden approved the delay. The DHO asked you how this delay had hampered your ability to prepare your defense and you provided no evidence that it had.

Inmate Hornes stated that when he made the statements he made to Ms. Konchan, he was only speaking in legal terms. He stated he did not threaten her. He told the DHO that he has degenerative joint disease and she told him that he may have to live in pain and he didn't believe he should have to live in pain. He stated that the liability he was speaking about had to do with changing medications and the bottom bunk permit. He told the DHO that what he meant was the appeal process is a waste of time, but he did have an outside avenue afforded to him. He stated that he never made a statement about making a phone call. Inmate Hornes stated that he was standing in the door jam and with his height, at 6'2" or 6'3", he is going to tower over her. He stated that he did not have his hands up and no one ever said anything about him being loud or a disturbance.

| C. Witness(es): | | | | | | |
|---|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | | Yes: | | No: | | X |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum dated December 6, 2005 from J. Wright, RN
Memorandum dated December 5, 2005 from D. Crickard, Counselor
2 page handwritten statement of Inmate Hornes, Michael #10847-007
Email dated December 13, 2005 from J. Hammond, Chief Psychologist
Email dated December 8, 2005 from C. Pulice, Unit Manager

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

| IV. FINDINGS OF THE DHO | | |
|---|---|---|
| | A. The act was committed as charged. | |
| X | B. The following act was committed: | 299, Conduct which Disrupts Most Like 203 |

02/03/2006  09:20  5043735059                                    WARDEN        PAGE 03/19

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

Your Due Process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights, provided the DHO with a two page handwritten statement to consider, requested no witnesses, and requested Ms. Goss to serve as your staff representative to assist you during the hearing. Both you and your Staff Representative indicated to the DHO you were ready to proceed with the hearing. The DHO notes the UDC was delayed beyond the usual 5 working day time limit as your statements to the Investigating Lieutenant warranted a request for a mental health evaluation to determine responsibility and competency in order to proceed with the discipline process. The UDC was held on December 27, 2005 with the written approval of the Warden authorizing the delay. There is no indication you were in any way prejudiced by this delay and the hearing continued.

The DHO finds you committed the prohibited act of Code 299, Conduct which Disrupts the Security or Orderly Running of a BOP Facility, Most Like Threatening Another with Bodily Harm or Any Other Offense, Code 203, while incarcerated at the United States Penitentiary, Hazelton, West Virginia on December 6, 2005, at approximately 11:00 a.m. when you were discussing health related issues with Nurse Practitioner Konchan and you stated that you did not use the appeal process and that you preferred to take care of your issue through a "private" and "outside" process, and stated that you make "a phone call and in a few minutes it's taken care of." During this discussion, you were becoming loud, looking directly at her, leaning over her and moving closer to her in an intimidating manner.

The evidence relied upon to support this finding is the reporting officer's statements contained in the Incident Report as follows:

On 12/6/05, inmate Hornes, #10847-007, was seen by me for a sick call appointment. After the visit was over and he was being released to the waiting area, inmate Hornes asked about his bottom bunk authorization which was soon to expire. When I told him that I did not believe a bottom bunk authorization was medically indicated, he had many questions about my decision. I told him that he could ask to be seen by the physician; inmate Hornes stated that he did not use the appeal process - that he preferred to take care of it through a "private" and "outside" process. He stated that he makes "a phone call and in a few minutes it's taken care of." During the conversation, Inmate Hornes was looking directly at me, leaning over me and moving closer to me in an intimidating manner when he made this statement. This process was witnessed by J. Wright, RN.

Also relied on is Nurse Wright's statement that she heard you become louder and saw you in the hallway approach Captain Konchan in a threatening and intimidating manner by invading her personal space and towering over her. Dr. J. Hammond, Chief Psychologist's electronic mail message indicating you are responsible and competent for purposes of the Disciplinary Hearing, and your two page handwritten statement defining "threat".

At the DHO Hearing, you told the DHO that the report was not entirely true. You stated that while you did tell her that you did not use the appeal process and that you preferred to handle issues like this through and "private" and "outside" process. You told the DHO that you were referring to legal channels. In fact, you stated that you told her there was a liability associated with changing your medication and refusing you a bottom bunk permit. You told the DHO that you did not threaten her and you were not loud and disruptive, nor did you say anything about a phone call. You stated that because of your height it was obvious that you would tower over her. You presented the DHO with a two page handwritten document to consider and questioned the delay in the UDC process. The DHO discussed the delay with you and informed you that policy had been complied with. You contested the fact that the UDC was held on December 27th after the Warden signed the memorandum authorizing the delay on December 15th. The DHO advised you that policy does not require the UDC Hearing to be held within a certain time frame

after the approval of a delay beyond 5 working days has been granted by the Warden.

The DHO considered your denial and written statement and is not convinced by it. While you claim in your written statement that the UDC was not in compliance with policy, you have provided no credible evidence of your claim as there is nothing in policy that establishes a time frame for the UDC to be held once the Warden approves a delay beyond 5 working days. In addition, the DHO notes that the reason for the initial delay was due to your stating to the Investigating Lieutenant that you did not understand the nature or cause of any aspect of these proceedings and the UDC was acting in your best interest to ensure that you were responsible and competent to proceed before holding the hearing.

Further you claim that there was no threat described by Ms. Konchan in Section 11 of the report and you provided the DHO with definitions of "private" and "threat". While the DHO will agree that your statements that you would handle your issues through a "private" and "outside" process as opposed to the Administrative Appeal process and "a phone call and in a few minutes it is taken care of" could very well mean through the legal system rather than by causing bodily harm, however, your demeanor when making these statements to Ms. Konchan was intimidating at the least and completely inappropriate given the circumstances. By making these statements while moving closer to her and leaning over her, you left her to wonder what your intentions were and instilled a sense of fear that physical harm may come to her as a repercussion for doing her job. Although you deny making the statement about the phone call, the DHO gives more credibility to Ms. Konchan's account of the incident as she stands to gain nothing by fabricating this statement, while you have reason to deny it since you face serious consequences should you be found to have committed the prohibited act as charged.

Further, you defined "threat" in part as "an indication of probable trouble". As the DHO told you at the hearing, the statements you made to Ms. Konchan as well as the fact that you became loud enough that Nurse Wright stepped out of the lab into the hallway to see what was going on, is clearly an indication of probable trouble. Nurse Wright indicated in her memorandum that she observed you getting closer to Captain Konchan and as Konchan attempted to calm you down, you continued to approach her in an intimidating and threatening manner by invading her personal space and towering over her. The DHO finds it reasonable that Ms. Konchan would perceive your behavior as threatening, intimidating, an attempt to instill fear in her, or an indication of probable trouble, as you define a threat.

While the DHO recognizes you made no blatant threats of bodily harm to Ms. Konchan the DHO finds it reasonable to believe by your statements and demeanor that you were attempting to intimidate Ms. Konchan into doing what you wanted her to do by instilling a sense of fear of the consequences if she did not. Your behavior clearly implied the potential for a threat to her personal safety existed. This behavior is clearly disruptive to the orderly running of the institution as it interferes with staff trying to perform their assignments in an efficient and effective manner as they have to stop and deal with your inappropriate behavior and then be left to wonder if their safety is in jeopardy as a result. Your behavior in this instance, will not in any way be tolerated at this facility.

Therefore, based on the greater weight of the evidence, the DHO finds your misconduct falls within the HIGH Severity category of offenses in violation of Code 299, Conduct which Disrupts the Security or Orderly Running of a BOP Facility, Most Like Code 203, Threatening Another with Bodily Harm or Any Other Offense.

| VI. SANCTION OR ACTION TAKEN |
|---|

Disallow 27 days Good Conduct Time-010-DC SRAA
15 days Disciplinary Segregation (suspended pending 180 days clear conduct)
45 days Commissary Loss (suspended pending 180 days clear conduct)
45 days Telephone Loss (suspended pending 180 days clear conduct)

DISCIPLINE HEARING OFFICER REPORT                                BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                       FEDERAL BUREAU OF PRISONS

| VII. REASON FOR SANCTION OR ACTION TAKEN |
|---|
| The action/behavior on the part of any inmate to demonstrate disruptive conduct which threatens or causes any person to feel threatened prevents that person from completing their assignments throughout the day without constantly watching behind themselves. In the past, when inmates have made threatened statements or gestures to others, they have carried out the threats. This behavior cannot and will not be tolerated at this facility. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior.

To hold you accountable for your actions, I have disallowed 27 days Good Conduct Time in accordance with your sentencing procedure, ordered a 15 day period of Disciplinary Segregation (suspended pending 180 days clear conduct, and restricted your Commissary and Telephone privileges for 65 days (suspended pending 180 days clear conduct). Hopefully, these sanctions are sufficient to impress upon you the seriousness of your actions and serve as a deterrent to engaging in this type of inappropriate behavior in the future. If not, I caution you, the Bureau of Prisons believes in and practices progressive discipline. Repetitive actions of this nature will undoubtedly result in harsher consequences. |

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | | | |
|---|---|---|---|---|---|
| | Yes | | X | No | |

| IX. DISCIPLINE HEARING OFFICER | | |
|---|---|---|
| Printed Name of DHO | Signature of DHO | Date |
| Debbie J. Lohr | | 02/01/06 |
| Report delivered to inmate by: | DATE | TIME |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

Page 5 of 5

# EXHIBIT H



🗋 Return to Website

Printer Friendly Page

➡ 🖨 Click to print

## Inmate Locator

**Locate a Federal Inmate**
(includes all inmates from 1982 to present)



| Name | Register Number | Age | Race | Sex | Release Date Actual / Projected | Location |
|---|---|---|---|---|---|---|
| 1. MICHAEL E HORNES | 10847-007 | 38 | Black | M | 08-30-2007 | RELEASED |

🌐 New Search        ❓ FAQs        🌐 Privacy        **Results 1 - 1 of 1**

..............................................................

Home  |  About  |  Inmate Locator  |  Prison Facilities  |  Careers
Inmate Matters  |  Policy / Forms  |  Doing Business  |  News / Information

**Accessibility | Browser Requirements | Disclaimer | Privacy Policy | Search | Site Map**

**EXHIBIT I**

```
DSC72           *      INMATE DISCIPLINE DATA       *     11-15-2007
PAGE 001        *   CHRONOLOGICAL DISCIPLINARY RECORD *     13:46:13

REGISTER NO: 10847-007 NAME..: HORNES, MICHAEL E
FUNCTION...: PRT     FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 11-15-2007
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1409562 - SANCTIONED INCIDENT DATE/TIME: 12-06-2005 1100
DHO HEARING DATE/TIME: 01-19-2006 1110
FACL/CHAIRPERSON.....: HAZ/LOHR D
APPEAL CASE NUMBER(S): 404496, 399284
REPORT REMARKS.......: I/M DENIED CHARGE. BECAME LOUD AND AGGRESSIVE WITH
                       MEDICAL STAFF AND MADE THREATENING GESTURES-299 ML 203
    299  DISRUPTIVE CONDUCT-HIGH - FREQ: 1
         DIS GCT     / 27 DAYS / CS
         COMP:010 LAW:P
         DS          / 15 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:
         LP COMM     / 45 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:
         LP PHONE    / 45 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1372241 - SANCTIONED INCIDENT DATE/TIME: 08-16-2005 1100
UDC HEARING DATE/TIME: 08-18-2005 1012
FACL/UDC/CHAIRPERSON.: CUM/UNIT A/R. BRIGHT
REPORT REMARKS.......: FOUND GUILTY BY THE UDC.
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP COMM    / 3 MONTHS / CS
         COMP:    LAW:    LOSS OF COMMISSARY FROM AUGUST 18, 2005, UNTIL
                         NOVEMBER 18, 2005.
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1310434 - SANCTIONED INCIDENT DATE/TIME: 02-09-2005 1215
DHO HEARING DATE/TIME: 03-02-2005 1010
FACL/CHAIRPERSON.....: GIL/LIVINGSTON
REPORT REMARKS.......: ADMITS GUILT
    316  BEING IN UNAUTHORIZED AREA - FREQ: 1
         DIS GCT     / 14 DAYS / CS
         COMP:010 LAW:P  DC SRAA
         DS          / 15 DAYS / CS / SUSPENDED 180 DAYS
         COMP:    LAW:
------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1283518 - SANCTIONED INCIDENT DATE/TIME: 11-18-2004 0800
UDC HEARING DATE/TIME: 11-23-2004 2020
FACL/UDC/CHAIRPERSON.: GIL/A/D. JONES
APPEAL CASE NUMBER(S): 361022
REPORT REMARKS.......: INMATE ATTEMPTED TO CIRCUMVENT THE LEGAL MAIL PROCESS BY
                       MAILING NUMEROUS PERSONAL LETTERS AS LEGAL MAIL.



     G0002        MORE PAGES TO FOLLOW . . .
```

```
   DSC72          *        INMATE DISCIPLINE DATA         *    11-15-2007
   PAGE 002 OF 002 *   CHRONOLOGICAL DISCIPLINARY RECORD  *    13:46:13

REGISTER NO: 10847-007 NAME..: HORNES, MICHAEL E
FUNCTION...: PRT       FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 11-15-2007

UDC HEARING DATE/TIME: 11-23-2004 2020     REPORT 1283518 CONTINUED
      410   USING MAIL W/O AUTH - FREQ: 1
            LP COMM    / 90 DAYS / CS
            COMP:    LAW:   90 DAYS LOSS OF COMMISSARY, STARTING 11-23-2004
                            AND ENDING 9-20-2004.
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1118086 - SANCTIONED INCIDENT DATE/TIME: 06-27-2003 1417
DHO HEARING DATE/TIME: 07-02-2003 1312
FACL/CHAIRPERSON.....: OTV/BANKS J.M.
REPORT REMARKS.......: ADMITTED THREE-WAY CALL
      397   PHONE ABUSE, NON-CRIMINAL - FREQ: 1
            LP PHONE   / 3 MONTHS / CS
            COMP:    LAW:   3 MONTHS TELEPHONE RESTRICTION
---------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1116444 - SANCTIONED INCIDENT DATE/TIME: 06-05-2003 0615
DHO HEARING DATE/TIME: 06-27-2003 1232
FACL/CHAIRPERSON.....: OTV/BANKS J.M.
REPORT REMARKS.......: DENIED HE ASSAULTED BROWN #18118-057. CLAIMED THEY
                       FOUGHT
      224   ASSAULTING W/O SERIOUS INJURY - FREQ: 1 ATI: IF2 RFP: D
            DIS GCT    / 27 DAYS / CS
            COMP:010 LAW:P
            DS         / 15 DAYS / CS
            COMP:    LAW:   15 DAYS D/S
            DS         / 15 DAYS / CS / SUSPENDED 180 DAYS
            COMP:    LAW:   15 DAYS D/S, SUSPENDED
            LP COMM    / 2 MONTHS / CS
            COMP:    LAW:   2 MONTHS COMMISSARY RESTRICTION




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```